EFFIE M. WILSON v. LEANDER F. ELLIOTT.

Decided May 20, 1903.

**1.—Res Adjudicata—Foreign Decree of Divorce—Custody of Child.**

Where the decree of a court of another State in a divorce suit determines the custody of an infant child, it is res adjudicata, in proceedings brought in this court for the custody of the child, of all questions as to the right and custody thereof which could have been before the court at the time the decree was entered. Following ruling of the Supreme Court in this case on certified question, 96 Texas, 472.

**2.—Same—Matters Subsequent to Decree.**

Such decree, however, is not a bar as to matters occurring subsequent to it, and affecting the fitness of the parties as custodians of the child.

**3.—Same—Subsequent Matter—Supplemental Decree.**
  Matters occurring after the decree of divorce, but prior to a supplemental decree fixing the custody of the child, were matters antedating the final decree.

Appeal from the District Court of El Paso. Tried below before Hon. A. M. Walthall.

*S. P. Weisiger* and *Turney & Burges,* for appellant.

*Clark, Fall, Hawkins & Franklin,* for appellee.

JAMES, CHIEF JUSTICE.—This is a habeas corpus proceeding by appellee, the father of an 11-year-old daughter, to obtain the custody of the child held by appellant, its mother.

On May 4, 1899, the parties were divorced by decree of the District Court of New Mexico. In that, and in proceedings supplemental thereto, that court entered decrees the substance of which, as finally made, was that the father should have the custody of the child, with the provision "that the child should be permitted to visit its mother once a year for the period of one month during the month of July; that said visits shall be made within the Territory of New Mexico, and the said child shall not be removed from said Territory by her mother." The said court had jurisdiction of the parties, including the child.

The mother remarried in New Mexico, and afterwards she and her husband removed to El Paso, Texas, she bringing with her the child, in disregard of the said decree.

At the trial of the present case the parties introduced testimony concerning the character, conduct and fitness of each other, prior to and since the said decree, but the district judge, as shown by conclusions on file, held that the territorial decree was binding on him under the Constitution and laws of the United States; and, as is evidenced by the certificate to the statement of facts, the court refused to consider as evidence on the trial any evidence of any fact that occurred prior to the decree of divorce in New Mexico excepting the proceeding in said New Mexico court as set out and shown in "Exhibit A hereto attached." This exhibit consists merely of the pleadings and decree.

It is made quite clear that the judge treated the decree as res adjudicata absolutely, and as entitling the father to possession of the child, and that all he could consider was evidence of changed conditions of the parties since the said decree, bearing on their fitness and the best interests of the child. The judge expresses his conclusion in these words: "I find that since the decree, or the modified or amplified decree as to the custody of the child, there has been no material change in the status or condition of said parties as to their fitness or qualification as proper custodians of said child." In other words the New Mexico decree was held to determine all facts existing prior to its date in favor of the father's right to its custody, and only such facts could

be considered to disturb that adjudicated right as may have come into existence since that time.

We were of opinion that the judge was in error in giving such effect to the decree in this character of case, and filed an opinion so holding, but on motion for rehearing we certified the question to the Supreme Court, and in the opinion of the Supreme Court delivered in answer to the question (96 Texas, 472, 7 Texas Ct. Rep., 238) the view of the district judge was sustained. It being our duty to observe and follow the decision of the Supreme Court in the disposition of the case, we hold there was no error in giving the territorial judgment such effect.

This practically disposed of the first, fourth and ninth assignments of error. Also the second, under which the contention is made that the court erred in the conclusion that the child is now being unlawfully detained by its mother at El Paso, Texas. Under the decree the custody of the child appertained to the father, and the removal of the child from New Mexico and its retention by the mother being contrary in fact to and in defiance of its terms, the conclusion was not error. The fifth and sixth assignments are not sustained. The New Mexico decree and the pleadings upon which it was rendered were sufficient, without the testimony upon which the court acted. The seventh also can not be sustained, because under our statute a child under 14 years of age is not permitted to choose its guardian. Nor the eighth, which challenges the court's finding of fact, viz., "That relator is engaged in a prosperous business at Rinion, and is amply able to care for and educate the child." The testimony sufficiently supports the conclusion in all material respects.

The Supreme Court in its opinion states that evidence of prior conduct (to the decree) of either party can not be introduced, except to corroborate some evidence of similar conduct which was developed since the original decree. Nothing in the way of conduct was developed since the decree which would give application to this rule.

The motion for rehearing is granted, and the judgment affirmed. The opinion heretofore filed by this court will be withdrawn.

*Affirmed.*

### ON MOTION FOR REHEARING.

The motion cites the following testimony by appellant: "At one time he (speaking of relator) choked me and tore my clothes off from me and cursed me and broke the catch on the door and took the child out of my possession by force. This was on the Saturday, the day I was to have the custody of the child under the order of the court." And appellant states that this conduct was subsequent to the New Mexico decree granting the custody of the child to relator. We find from the record that the original decree of the New Mexico court of May 5, 1899, granted the divorce, awarded the custody of the child to relator, "until

the further order of the court," and ordered that defendant "be permitted by said plaintiff to have access to and visit said Effie Lee Elliott, her daughter, once during each and every week at such times as said defendant shall designate, and at such place or places as shall afford said defendant reasonable time and facility for making such visits, until the further order of this court in the premises."

On September 6, 1901, plaintiff filed a petition for modification and amplication of "the terms of its several judgments and decrees heretofore entered relative to the custody and control of the infant child of the parties hereto," setting forth, among other things, the terms of the original decree, alleging also that by virtue of a supplemental decree of August 5, 1899, plaintiff was permitted to place said child in the Academy of Visitation conducted by the Sisters of Loretta at Las Cruces, N. M.; also, "that thereafter, on October 24, 1899, a second supplemental decree was entered herein, whereby said defendant was awarded the custody of said infant child, without interference from the plaintiff or anyone else the whole of Saturday of each and every week until the further order of the court, subject to the restriction that defendant should not remove said child from the town of Las Cruces." Defendant opposed this petition, and herself prayed for the absolute custody of the child for matters stated in her answer. The final decree thereon was on April 29, 1902, which awarded plaintiff the absolute custody of the child, providing that it might visit its mother during the month of July in each year, within the Territory, the child not to be removed from the Territory.

The supplemental decrees are not set forth in the record from the New Mexico court, but there was no denial of them by defendants pleading, and her pleading itself refers to a supplemental decree, and the very testimony in question and above quoted recognizes that there was a supplemental or provisional order allowing her to have the child on Saturdays. The conduct which is referred to in the testimony quoted occurred while the supplemental order was in force, and must have antedated the final decree. Consequently it was not conduct which occurred since the adjudication of the matter by the New Mexico court.

With this explanation the motion for rehearing is overruled.

*Overruled.*

Writ of error refused.