Argued June 1, affirmed June 15, 1915.

# ROWE *v.* ROWE.*

(149 Pac. 533.)

**Divorce—Support of Children—Enforcement—Foreign Judgment—Finality.**

1. Under Section 138, Civil Code of California, providing that the court may, pending an action for divorce, or at the final hearing, or at any time thereafter during the minority of any children, make such orders for their custody and maintenance as may be necessary or proper, and may at any time modify or vacate the same, and Section 139, providing that where a divorce is granted for an offense of the husband the court may compel him to make suitable allowance for the wife's support, and may modify its orders, a decree of the California Superior Court that defendant pay to his divorced wife $20 per month for the support of their child during its minority and until otherwise ordered, was not a final decree, since it was subject to vacation at any time, so that the Circuit Court in Oregon had no jurisdiction to render a decree enforcing it.

[As to divorce granted in another state, see notes in 7 Am. Dec. 206; 26 Am. Rep. 31.]

**Divorce—Alimony—Foreign Decree—Enforcement.**

2. In a wife's action for divorce brought in California, a finding or conclusion that she was entitled to $10 per month to be paid by defendant, without any decree following such conclusion, was not a final decree upon which execution might issue, nor one on which suit could be brought in another state.

From Lane: LAWRENCE T. HARRIS, Judge.

Department 1.    Statement by MR. JUSTICE McBRIDE.

This is a suit by Nathan Rowe against Agnes Jessie Rowe and James C. Parker, as sheriff of Lane County, Oregon. The facts are in the year 1900, the defendant in the present suit obtained a decree of divorce from this plaintiff, which awarded her the custody of the minor child of the parties, and contained, among other matters, the following:

*As to action to recover installments of alimony accruing under a decree rendered in another state, see notes in 59 L. R. A. 178; 9 L. R. A. (N. S.) 1168; 28 L. R. A. (N. S.) 1068.        REPORTER.

"That all of the allegations of the first count and cause of action set up by plaintiff in her said first amended complaint herein are true and have been proven to the satisfaction of the court by said evidence. And, as conclusions of law, that plaintiff is entitled to a decree of this court forever dissolving the bonds of matrimony heretofore existing and yet undissolved between the plaintiff and the said defendant, and awarding to her the care, custody and control of the minor child, issue of their marriage, Ethel Pearl Rowe, and the sum of $10 per month to be paid to her, said plaintiff, by defendant monthly, beginning with the month of October, 1900. Wherefore, be it, and it is hereby ordered, adjudged, and decreed that the bonds of matrimony existing between plaintiff Agnes Jessie Rowe and defendant Nathan Andrew Rowe be and the same are hereby forever dissolved, and that the said parties be and each of them are hereby forever freed from all the obligations thereof. That all the property in the possession, under the control or in the name of plaintiff, is and shall be and remain her separate property and estate. And it is further ordered, adjudged and decreed that the care, custody, and control of said minor child, Ethel Pearl Rowe, be and it is hereby awarded and granted to plaintiff. And it is also further ordered and decreed and adjudged that defendant pay unto plaintiff the sum of $20 per month each and every month hereafter, during the minority of said child and until and unless otherwise ordered by the court, for the care, support and maintenance of the said Ethel Pearl Rowe, and that plaintiff have judgment against defendant for said monthly sum to be paid as aforesaid. Let judgment be entered accordingly."

The plaintiff here (defendant in the divorce proceeding) removed to Oregon, and in 1905 his former wife brought a suit in the Circuit Court of Lane County to enforce the California decree. Defendant (plaintiff here) appeared and demurred to the complaint in that suit, but failed to plead further. Where-

upon the court entered a decree requiring him to pay to the plaintiff in that proceeding the sum of $749.33 as alimony and accrued interest thereon, and the further sum of $1,499.66 for the maintenance of the minor child; being the aggregate of the sums prescribed by the California decree and accrued interest thereon. It further decreed that he should continue in the future to pay monthly the sums decreed by the California court as alimony and maintenance until the Superior Court, which had granted the original decree, should vacate or modify the same.

Plaintiff brought this suit to set aside the decree of the Circuit Court of Lane County upon four grounds: (1) That the California decree was not a final decree and no decision of the Superior Court of California had been made determining the amount due, and that the Oregon court had no jurisdiction of the subject matter under the suit started by defendant in 1905, in which the decree sought to be enjoined was rendered; (2) that the decree for alimony in the California decree was obtained by fraud, for the reason that no alimony was asked for in the complaint upon which said decree was rendered; (3) that the California court had no jurisdiction to render the decree for alimony on the ground that the amended complaint upon which the same was based did not ask for alimony; (4) that after the rendition of the decree in this state the plaintiff, upon his own application, was duly adjudged a bankrupt in the United States District Court of the District of Oregon, and had duly received his discharge in bankruptcy. In her answer defendant admits the rendition of the decree in California, the rendition of the decree in Oregon, and denies all other allegations set forth in the complaint as to each of the causes of suit except the fourth. She further

alleges the various amounts recovered in the Oregon
decree, and admits the issuance of an execution to col-
lect the same.   The Circuit Court in the findings of
fact and conclusions of law found that the decree of
California was not a final decree, and that the court
of this state had no jurisdiction to render a decree
thereon in this state, and set aside the decree of 1906
and all proceedings had thereunder.   Defendant ap-
peals.                                        AFFIRMED.

For appellant there was a brief over the name of
*Messrs. Williams & Bean,* with an oral argument by
*Mr. John M. Williams.*

For respondent there was a brief and an oral argu-
ment by *Mr. Fred E. Smith.*

Mr. JUSTICE McBRIDE delivered the opinion of the
court.

The decree of the California court as to the sums
to be paid for the maintenance and support of the
minor was not a final decree under the statutes of that
state.   Those sections of the Civil Code bearing upon
this subject are as follows:

"Sec. 138.   Orders Respecting Custody of Children.
In actions for divorce the court may, during the pend-
ency of the action, or at the final hearing or at any
time thereafter during the minority of any of the chil-
dren of the marriage, make such order for the custody,
care, education, maintenance and support of such
minor children as may seem necessary or proper, and
may at any time modify or vacate the same.

"Sec. 139.   Support of Wife and Children on Di-
vorce or Separation Granted to Wife.   Where a di-
vorce is granted for an offense of the husband, the
court may compel him to provide for the maintenance
of the children of the marriage, and to make such suit-

able allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects.''

1, 2. From the above it will be seen that the California law reserves to the court entering a decree for the maintenance of a minor full power to vacate such order at any time, and the better authorities hold that such a decree is not within the ''full faith and credit'' clause of the national Constitution: *Sistare* v. *Sistare,* 218 U. S. 1 (54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, 30 Sup. Ct. Rep. 682); *Bleuer* v. *Bleuer,* 27 Okl. 25 (110 Pac. 736); *Mayer* v. *Mayer,* 154 Mich. 386 (117 N. W. 890, 129 Am. St. Rep. 477, 19 L. R. A. (N. S.) 245). In *Sistare* v. *Sistare,* Mr. Chief Justice WHITE sums up the authorities as follows:

''First, that, generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the *Barber Case,* 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due.''

Here, so far as the allowance for the benefit of the child is concerned, the order is subject to vacation at any time, and under the rule stated is not final. So far as the amount claimed by the wife is involved, there is a finding of the court, or rather a conclusion of law, that she is entitled to a decree of divorce, the custody of the minor child, and the sum of $10 per month to be paid to her by the defendant. In this particular the decree itself does not follow the conclusion, but adjudges that plaintiff in that suit have a divorce from defendant; that all property in her name remain her separate property; that she have the custody of the minor child; that defendant pay her $20 per month for the support of the child during its minority unless otherwise ordered; and that plaintiff have judgment for such monthly sum. It will thus be seen that plaintiff has not now, and never has had, a decree or judgment for the $10 per month alimony claimed by her, but only a finding or conclusion that she ought to have it. This is not such a judgment or decree upon which execution could have been issued either here or in California: 23 Cyc. 666; *Broder* v. *Conklin,* 98 Cal. 360 (33 Pac. 211). The decree of the California court was made a part of the complaint in the suit brought by defendant against her husband, and it therefore fully appeared that there was no final decree either for the payment of alimony or for maintenance of the child; and the Circuit Court of Lane County was without jurisdiction to render a decree enforcing the California decree. These considerations render it unnecessary to discuss other interesting propositions raised in the able brief of appellant.

The decree of the Circuit Court will therefore have to be affirmed; but, while we find ourselves unable by

reason of the law to compel plaintiff in this proceeding to support his minor child, his conduct in refusing to do so is morally so repugnant to our sense of what decency requires of him under the circumstances that we will not require defendant to pay the costs of this appeal.

The decree of the Circuit Court is affirmed, without costs to defendant in this court.          AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur.

MR. JUSTICE BENSON taking no part in this decision.