Argued December 19, 1919, affirmed February 3, 1920,

# GRIFFIN *v.* GRIFFIN.

### (187 Pac. 598.)

**Divorce—Decree for Custody of Children Final While Conditions Remain Same.**

1. A decree fixing the custody of a child is final when conditions existing at the time of its rendition remain the same, and should be modified only when conditions have changed, and then only for the child's best interests.

**Divorce—Decree Awarding Custody of Children Given Effect in Another State Until Conditions Change.**

2. In the absence of fraud or want of jurisdiction affecting its validity, a divorce judgment awarding the custody of their minor children should be given full force and effect in other states as to the right of custody at the time and under the circumstances of the decree's rendition, although it has no controlling effect in another state as to facts and conditions arising subsequently, and the courts of such other states may, upon change of facts and conditions, award the custody otherwise than in the original decree.

**Divorce—Decree Awarding Custody of Children Res Adjudicata in Another State Only as to Facts and Conditions Before Decree.**

3. A divorce decree of one state awarding custody of minor children is not *res adjudicata* in the courts of another state, except as to facts and conditions before rendition of the decree, and as to subsequent facts and conditions it has no extraterritorial force.

**Divorce—Decree Ordering Custody of Children not Binding Under Full Faith and Credit Clause in Other State in Which They have Become Domiciled.**

4. A divorce decree of one state ordering the custody of a child is not binding upon the courts of another under the full faith and credit clause of the federal Constitution after the child has become domiciled in the latter state.

**Divorce—Decrees for Custody of Children Should be Modified Only upon Proper Notice to Adverse Party.**

5. As a general rule, an application for a modification of a divorce decree as to custody of the children should be made to the court upon proper notice to the adverse party.

**Divorce—Right of Divorced Parent Having Custody of Children to Change Domicile upon Complying With Decree.**

6. A California divorce decree awarding custody of minor children to the mother, permitting the father to visit them at stated times, and providing that the children should not be removed from the jurisdiction without the court's permission, does not prevent the mother taking them from the state by the court's permission from changing her domicile to another state, where the divorce was abso-

lute, since, the minor children being in the mother's custody, her residence is their residence.

### Divorce — Decree Reawarding Custody of Children of Divorced Parents Void for Defective Service.

7. A notice attempted to be served in Oregon upon a divorced wife, a *bona fide* resident of Oregon, for modification of a California interlocutory divorce decree as to custody of minor children, was without extraterritorial force, and not being served upon the mother's attorney, and she not appearing at the hearing, and the ten days after service required by the citation for appearing not being in accordance with the spirit of Code of Civil Procedure of California, Sections 410, 1005, the decree rendered upon such citation awarding the children to the father was not valid.

### Evidence—No Judicial Notice of Official Character of Sheriff of Other State.

8. A court of one state cannot take judicial notice of the official character of a sheriff of a county in another state.

### Divorce—Effect of Final Decree on Modification Changing Custody of Children.

9. Since, in view of Civil Code of California, Sections 131, 132, a California court in making a final decree in a divorce action would not, without a notice and hearing, change the interlocutory decree as regularly modified and reverse the same as to the care and custody of children, and deprive a party of his or her day in court, where a second modification of interlocutory decree as to custody of children was void, it did not affect the final decree, which did not purport to change the status of the parties as established by the interlocutory decree and modifications.

### Divorce — Admission of Evidence of Facts Prior to Decree upon Question of Changing the Custody of Children.

10. In a proceeding to modify a divorce decree as to custody of children, the change of circumstances, the conduct of the party, the morals of the parents, their financial condition, the children's age and devotion of either parent to the children's best interests, are controlling, and it was not error to admit testimony of facts and circumstances prior to the rendition of the divorce decree which would aid in determining if the conditions were changed.

### Appeal and Error—That Incompetent and Immaterial Evidence has been Disregarded by the Trial Court Sitting Without Jury Presumed.

11. Incompetent and immaterial evidence admitted upon the trial of a cause by the court without a jury is presumed disregarded by the court where there is other competent testimony to support the court's findings.

### Habeas Corpus—Husband Seeking Custody of Children Awarded to Wife upon Divorce must Prove Conditions Warranting Change.

12. Where the custody of children was awarded to the wife in a divorce decree in California, and the children became domiciled with the mother in Oregon, in a *habeas corpus* proceeding by the father,

it was incumbent upon him to show that conditions had so changed since the granting of the divorce decree as to warrant a change in custody.

### Infants—State may Determine Status of Infant Citizens.

13. The state, as *parens patriae*, has the undoubted right to determine the status or domestic and social condition of infant citizens domiciled within its territory.

From Yamhill: HARRY H. BELT, Judge.

Department 2.

This is a proceeding in *habeas corpus* for the custody of two minor children. The trial court dismissed the writ and awarded the custody of the minor children to the mother, Emma A. Griffin. Bertram S. Griffin, the father, appeals.

The parties were married in the State of California, May 8, 1904. Two children, Vivian Griffin, now about thirteen years of age, and Bernice Griffin, now about eleven years of age, were born of this union. April 15, 1913, Emma A. Griffin commenced a suit for divorce against her husband, the appellant herein, in the Superior Court of the State of California for the county of Del Norte. On August 18, 1913, an interlocutory decree of divorce was entered in the cause, and in such interlocutory decree the two children were awarded to the mother, with permission to the father to visit them at certain times. May 20, 1914, both parties being present in court and represented by their respective attorneys, a hearing was had on the application of the appellant herein for a modification of the interlocutory decree of divorce, and on May 29, 1914, a decree was entered in the divorce action modifying the original interlocutory decree, and in the modification it was, among other things, provided:

"That the care, custody and control of said children * * shall remain with the mother, except as otherwise herein provided, * *

"The said children shall not be removed from nor leave the jurisdiction of this court (Del Norte County, Cal.) until their majority, unless upon the written permission of this court; * *

"The father has the absolute right to have said children or either of them by himself any place he wishes in Del Norte County, California,"

At certain times therein specified, and then certain regulations were provided about notice to the mother.

"If either of the children become sick or ill or injured, the father must be immediately notified,"—
and he shall have the right to visit them, unless the attending physician refuses the visits.

"That the final decree of divorce (if ultimately granted in this manner) shall have incorporated within it the above conditions as stated, unless a further modification thereof shall take place before said final decree is made."

June 12, 1914, Mrs. Griffin obtained written permission from the judge of the California court and took the children to McMinnville, Oregon. The written order of the judge reads thus:

"The plaintiff above mentioned is granted permission to remove Vivian Griffin and Bernice Griffin, minor children of the above parties, from the jurisdiction of this court, but to return them to their present place of abode in good time for the opening of the grade school in Crescent City for the 1914 fall term."

November 24, 1914, the judge of the California court made an order requiring the children to be returned to the jurisdiction of the court, and this order was served on the respondent, in the State of Oregon. In January, 1915, the appellant filed a petition in the California court for an order modifying the modification of the original interlocutory decree of divorce so far as it pertained to the custody of the children, and January 30, 1915, service of this petition and a citation

95 Or.—6

was attempted to be made on the respondent in Yamhill County, Oregon, which service was proven by the certificate of the sheriff of Yamhill County. The citation required Mrs. Griffin to appear and answer the petition within ten days after service thereof. The record does not show that any notice of the proceeding was given to Mrs. Griffin's attorney of record. The citation was served upon her parents in Del Norte County, California. A hearing was had by the court in the absence of respondent, and an order for a second modification of the interlocutory decree was made on February 25, 1915, in which the care, custody and control of the children was ordered given to the father, for the reason that Mrs. Griffin and the children had not returned to the State of California. July 9, 1915, the Superior Court made its final decree in which the last modification was referred to.　　　　AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. Walter L. Tooze, Jr.,* and *Mr. Oscar Hayter.*

For respondent there was a brief over the names of *Mr. James E. Burdett* and *Mr. Rollin Laird,* with an oral argument by *Mr. Burdett.*

BEAN, J.—In November, 1916, this appellant commenced this proceeding for the custody of the children, which he claims was awarded to him by the final decree in the divorce case in California. The proceedings in the divorce action in California were pleaded and properly authenticated and brought into the record; also several sections of the statute of California are produced and contained in the record, a portion of which we will hereafter notice.

1. The first and one of the important questions in the case is as to the effect of the decree in the divorce

action in the State of California.  This embraces the inquiry as to what the legal provisions of that decree are.  Decrees awarding the custody of minor children, the issue of a marriage, rendered at the time of a divorce can hardly anticipate the changes which may occur in the condition of the parents, or their habits and character and their fitness and ability to care for the children and provide for their nurture and education.  Such changes, and other sufficient reasons, may render it necessary for the good of the children that their custody be changed.  Hence most of the statutes on the subject, in the states of the Union, authorize the court to vary or modify its decree in this respect. A decree fixing the custody of a child is, however, final when the conditions existing at the time of its rendition remain the same, and should not be changed except when conditions have become different since the decree, and then only for the best interests of the child: 9 R. C. L., p. 476, § 291; *Merges* v. *Merges,* 94 Or. 246 (86 Pac. 36); *Rowe* v. *Rowe,* 76 Or. 491 (149 Pac. 533); *Karren* v. *Karren,* 25 Utah, 87 (69 Pac. 465, 95 Am. St. Rep. 815, 60 L. R. A. 294); *Hardin* v. *Hardin,* 168 Ind. 352 (81 N. E. 60); *People ex rel. Allen* v. *Allen,* 40 Hun, 611; Id., 105 N. Y. 628 (11 N. E. 143); *Wilson* v. *Elliott,* 96 Tex. 472 (73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928); followed upon appeal in 32 Tex. Civ. App. 483 (75 S. W. 368); *Bennett* v. *Bennett,* Deady, 299 (Fed. Cas. No. 1318).

2. There is some conflict in the authorities on the question as to the extraterritorial effect of a judgment awarding the custody of children upon a divorce of the parents.  A majority of the cases seem to hold, and we think this is in consonance with the better reason, that in the absence of fraud, or want of jurisdiction affecting its validity, a judgment dissolving the bonds of

matrimony between a husband and wife and awarding the custody of the children of the marriage should be given full force and effect in other states, as to the right of the custody of the children at the time and under the circumstances of its rendition; although such a decree has no controlling effect in another state as to facts and conditions arising subsequently to the date of the decree, and the courts of the latter state may, in proper proceedings, award the custody otherwise than pursuant to the original decree, upon proof of matters subsequent to the decree, which justify such change in the award in the interest of the welfare of the children; 9 R. C. L., p. 477, § 293; *Mylius* v. *Cargill,* 19 N. M. 278 (142 Pac. 918, Ann. Cas. 1916B, 941, L. R. A. 1915B, 154, and note); *In re Alderman,* 157 N. C. 507 (73 S. E. 126, 39 L. R. A. (N. S.) 988, and note, p. 990); *Seeley* v. *Seeley,* 30 App. D. C. 191 (12 Ann. Cas. 1058); *In re Bort,* 25 Kan. 308 (37 Am. Rep. 255).

3, 4. A judgment or decree of a court of one state awarding the custody of minor children in a divorce case is not *res judicata* in a proceeding in a court of another state, except as to facts and conditions before the court upon the rendition of the former decree. As to facts and conditions arising subsequently to such an award, the decree has no extraterritorial force and the courts of other states are not bound thereby. A decree of a court of one state ordering the custody of a child is not binding upon the courts of another state under the full faith and credit clause of the Federal Constitution after the child has become domiciled in the latter state. Such a decree as to a child has no extraterritorial effect beyond the borders of the state of its rendition. The courts of the second state will not remand the child to the jurisdiction of another state, especialy where it is against the true interests of the

child. The reason given for this rule is the fact that the children are the wards of the court and the right of the state rises superior to that of the parents. Therefore, when a child changes his domicile from one state to another and becomes a citizen of the second state, he is no longer subject to the authority and supervision of the courts of the first state: 15 R. C. L., p. 940, § 417.

The same rule appears to be applied where the writ of *habeas corpus* is used, not strictly as a writ of liberty according to the original meaning of the term, but only indirectly and theoretically as such, and as a means of ascertaining and adjudicating the rights of conflicting claimants to the care and custody of a minor child: 12 R. C. L., p. 1255, § 73; *Cormack* v. *Marshall,* 211 Ill. 519 (71 N. E. 1077, 1 Ann. Cas. 256 and note, 67 L. R. A. 787); *Brooke* v. *Logan,* 112 Ind. 183 (13 N. E. 669, 2 Am. St. Rep. 177).

5, 6. The Supreme Court of California has construed Section 138 of the Code of Civil Procedure of that state, which provides that in an action for divorce the court may, at any time after the final hearing during the minority of any children, modify or vacate the decree as to the custody of the children: See *Russell* v. *Russell,* 20 Cal. App. 457 (129 Pac. 467); *Van Horn* v. *Van Horn,* 5 Cal. App. 719 (91 Pac. 260); *Dickerson* v. *Dickerson,* 108 Cal. 351 (41 Pac. 475). As a general rule, an application for a modification of the decree as to custody of the children should be made to the court upon proper notice to the adverse party: 14 Cyc. 810b.

Mr. Bishop in his work (2 Marriage, Div. & Sep., § 1189), in speaking of the binding force of a foreign custody decree, says:

"It is believed that this question can be accurately seen only by looking down below the words of cases to the fundamental doctrine. Under our National Constitution, this order is plainly a record to which, *if the court has jurisdiction* (we underscore), the same faith and effect permitted it in the state of its rendition must be given in every other state. And the true rule in the state of its rendition is that it is *res judicata,* concluding the question. But it does not conclude the question for all time, since new facts may create new issues. Nor, since the relation of parent and child is a status, rightfully, like marriage, regulated by any state in which the parties are domiciled, does the order in one state operate as an estoppel of all future inquiry in the courts of another state wherein the child has acquired a domicile. * * If the divorce was *ex parte,* against a father who with his child, was domiciled in another state, the decree for custody would be without jurisdiction, and therefore void."

In 2 Nelson, Div. & Sep., Section 980, it reads thus:

"It is clear that a decree based upon constructive service is void for lack of jurisdiction so far as it attempts to fix the custody of a child residing with the defendant in another state. It is not *res adjudicata* as to the defendant or as to the interest of the state in which the child resides."

The petitioner contends that the provisions of the California decree, awarding the custody of the children to the mother and permitting the defendant to visit the children at stated times and providing that the children shall not be removed from the jurisdiction of that court without permission of the court, precluded Mrs. Griffin from changing her residence to another state. This is a delicate and important problem. The solutions by the courts have not always been uniform, it would seem, on account of the variant circumstances of the cases. It is one of the regretful incidents of the severance of the marriage relations and the

breaking up of the home of the children. The dissolution of the bonds of matrimony, heretofore existing between the petitioner and respondent, was complete. We know of no law that would prevent the mother from changing her domicile to another state, and upon compliance with the decree, taking the children with her. The children being in the care and custody of the mother, her residence is their residence. Such is the natural effect of a decree of divorce. It is true that such change of residence may render it inconvenient for the father to visit the children. It is extremely difficult to divorce the parents and at the same time keep them together. "Ye cannot serve God and mammon." The Supreme Court of Maine has grappled with this difficult question. In *Stetson* v. *Stetson*, 80 Me. 483 (15 Atl. 60), a divorce was granted in 1883, and the custody of the minor child was awarded to the father. About 1888, the mother, who was then a resident of Boston, Massachusetts, petitioned the Maine court for a modification of the decree so that she might take general custody of the minor child, the father to have the privilege of visiting it and the possession of the boy for two weeks during summer vacation. On account of her residence it was urged that the court could not permit the child to be removed beyond its jurisdiction. The court, speaking by Mr. Justice DANFORTH, said at page 485 of 80 Me. (at page 61 of 15 Atl.):

"That the result of the decree may cause the removal of the child beyond the limits of the state is not of itself an objection. This may be the effect in any case. Though the parent receiving the custody may at the time be a resident within the state, there is no authority, except in cases of crime, to prevent an immediate removal from the state."

It is clear that the statute of California presupposes that the court in making a modification of a decree in a divorce action, which awards the custody of minor children to one of the parties, would have jurisdiction of the parties; that is, that an application for such change would be made and reasonable notice thereof served upon the adverse party otherwise, unless the party appears, jurisdiction to make any change in the award would be lacking and the decree would be a nullity. We find nothing in the opinions of the court of last resort in California to the contrary: See *Phillips* v. *Phillips,* 24 W. Va. 591.

7. At the time of the attempted service of the notice of petition for the second modification of the California decree, Mrs. Griffin was a *bona fide* resident of the State of Oregon. The citation issued by the California court had no extraterritorial force. It was not served upon her attorney. She did not appear at the hearing. The time for her appearance, ten days after service, required by the citation, was not in accordance with the spirit of the statute of California, where the person served is at so great a distance from the place of holding the court.

Section 410 of the California Code of Civil Procedure provides that:

"The summons may be served by the sheriff of the county where the defendant is found, or by any other person over the age of eighteen, not a party to the action. A copy of the complaint must be served, with the summons, upon each of the defendants. When the summons is served by the sheriff, it must be returned, with his certificate of its service, and of the service of any copy of the complaint, where such copy is served, to the office of the clerk from which it issued. When it is served by any other person, it must be returned to the same place, with an affidavit of such person of

its service, and of the service of a copy of the complaint, where such copy is served."

Section 1005 reads:

"When a written notice of a motion is necessary, it must be given, if the court is held in the county in which at least one of the attorneys of each party has his office, five days before the time appointed for the hearing; otherwise, ten days. When the notice is served by mail, the number of days before the hearing must be increased one day for every twenty-five miles of distance between the place of deposit and the place of service; such increase, however, not to exceed in all thirty days; but in all cases the court, or a judge thereof, may prescribe a shorter time."

8. A court of one state cannot take judicial notice as to the official character of a sheriff of a county in another state.

9. It is not seriously claimed on behalf of petitioner that the California court had jurisdiction to make the second modification, but counsel for appellant urge that the final decree referred to the order of modification and therefore it was made a part of the final decree. We quote the requirements of the code of California.

"Section 131. Interlocutory judgment. In actions for divorce, the court must file its decision and conclusions of law as in other cases, and if it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. If it determines that the divorce ought to be granted, an interlocutory judgment must be entered, declaring that the party in whose favor the court decides is entitled to a divorce, and from such interlocutory judgment an appeal may be taken within six months after its entry, in the same manner and with like effect as if the judgment were final. After the entry of the interlocutory judgment, neither party shall have the right to discuss the action

without the consent of the other.    (Stats. and Amdts. 1909, p. 941, California.)

"Section 132.  Final   judgment,   after   one   year. When one year has expired after the entry of such interlocutory judgment, the court on motion of either party,  or  upon  its  own  motion,  may enter the final judgment granting (1) the divorce, and such final judgment shall (2) restore them to the status of single persons, and (3) permit either to marry after the entry thereof; and (4) such other and further relief as may be necessary to complete disposition of the action; but,

"If any appeal is taken from the interlocutory judgment or motion for a new trial made, final judgment shall not be entered until such motion or appeal has been finally disposed of, nor then, if the motion has been granted or judgment reversed.

"The death of either party after the entry of the interlocutory judgment does not impair the power of the court to enter final judgment as hereinbefore provided; but  such  entry  shall  not  validate  any  marriage contracted by either party before the entry of such final judgment, nor constitute any defense to any criminal prosecution made against either."

It is plain that under the direction of the statute of California, the court in making the final decree in a divorce action, would not, without a notice and hearing, change the interlocutory decree as regularly modified and reverse the same as to the care and custody of the minor children.   Such a change would not be in harmony with the general rule that a party is entitled to his or her day in court.  The provision of the California statute that the final decree may be made after the death of one of the parties clearly indicates that no change therein without notice is contemplated by the law.   It is not a question of regularity or irregularity that we notice but one of power or jurisdiction.

It is stated in 14 Cyc. 804, as follows:

"If defendant and the minor children are not within the jurisdiction of the court and a divorce is granted upon substituted service of process, the court cannot assume jurisdiction over the person of the children and award their custody to plaintiff; but once having acquired jurisdiction of the person of defendant, the court retains it for the purpose of decreeing the custody of the children, although they may be removed from its territorial jurisdiction prior to the granting of the decree."

See, also, *Baily* v. *Schrader,* 34 Ind. 260, and *State* v. *Rhoades,* 29 Wash. 61 (69 Pac. 389).

We conclude that the California court was without jurisdiction to make the order of modification of the decree of divorce; therefore the effect of the California decree, as made final, was to grant the care and custody of the two girls to the mother. The final decree does not purport to change the interlocutory decree, or to award the custody of the children otherwise than provided in the modifications. If the second modification is void, then it does not affect the final decree. See *De Vall* v. *De Vall,* 57 Or. 128 (109 Pac. 755, 110 Pac. 705), the syllabus of which reads:

"Neither the full faith and credit clause of the Federal Constitution (Section 1, Article IV, Constitution) nor Rev. Stats., § 905 (U. S. Comp. St. 1901, p. 677, U. S. Comp. Stats. 1916, § 1519, 3 Fed. Stats. Ann. (2 ed.) p. 212), passed in conformity therewith, prevents an inquiry into the jurisdiction of the court of a sister state by which a judgment rendered therein is offered in evidence and a copy of the record, though duly authenticated, may be contradicted as to the facts necessary to give jurisdiction, or where it appears in a collateral proceeding in another state that such facts did not exist, the record is a nullity, though it may contain recitals that the facts did exist."

10, 11. It is strenuously urged by the counsel for appellant that the trial court erred in admitting and con-

sidering testimony of facts and circumstances occuring prior to the rendition of the decree of divorce. In view of the fact that the welfare of the children is the paramount question for the consideration of the court, and also taking as a guide the rule prevailing in California in such proceedings in arriving at a determination of what is best for the children, the court proceeds upon new facts occurring since the rendition of the decree, considered in connection with facts formerly established upon hearing in the divorce case. This would include the change of circumstances, the conduct of the parties, the morals of the parents, their financial conditions, the age of the children, and the devotion of either parent to the best interest of the children as the controlling force in directing their custody: *Crater* v. *Crater,* 135 Cal. 633 (67 Pac. 1049); *Simmons* v. *Simmons,* 22 Cal. App. 448 (134 Pac. 791). However incompetent or immaterial evidence admitted upon the trial of a cause by the court without a jury is presumed to be disregarded by the court where there is other competent testimony supporting the findings of the court. The rule is different from that in a case tried before a jury.

12. The Circuit Court found:

"That the defendant, Emma A. Griffin, is a fit and proper person to have the care, nurture and education, custody and control of the said children, and each of them; that she is of good moral character, and competent to care for and educate said children, and each of them.

"That each of said children are now regular attendants at the public schools of the City of McMinnville, Oregon, and that each of them is properly clothed, nurtured with good wholesome food and live in the same house with the defendant, and are kept under the defendant's care and custody.

"That the best interests and welfare of said minor children demand that they remain in the custody of their mother."

We concur in the findings of the learned trial judge. They are supported by the evidence and are fully in accord with the California decree as we interpret it; therefore the conclusion reached is based upon two solid foundations. It was incumbent upon the petitioner, to show that since the rendition of the California decree, conditions had so changed as to warrant a change in the custody of the children. This he did not attempt to do, but relied upon the California decree to support his claim.

The best interest of these little girls does not demand that they should be deprived of the loving care of an affectionate mother during the time they are advancing to womanhood. The father proposes an experiment merely, of having them cared for by their grandmother or aunt, one of whom is expected to go from Oregon to California for that purpose. Such an arrangement might last for a year, or more, or less. It would no doubt have been better for the mother to have applied to the California court for a modification of the order granted at the time she left the State of California, when she found that conditions were not favorable for her to return there. The object sought by the order in regard to the children attending school appears to have been attained in another location.

13. A state, as *parens patriae,* has the undoubted right to determine the status or domestic and social condition of infant citizens domiciled within its territory: Brown on Jurisdiction, §§ 78, 79; *Hood* v. *State,* 56 Ind. 263 (26 Am. Rep. 21).

We endeavor to consider the question in this proceeding in the same manner it would have been by the

courts of California had it been instituted in a different county of that state from the one in which the divorce was granted.

In *Beyerle* v. *Beyerle,* 155 Cal. 266 (100 Pac. 702), where a claim was made by the defendant, the father, for the care and custody of a minor child after an interlocutory decree giving the custody of the child to the mother who was plaintiff in the divorce action, had been merged in a final decree, we find the rule expressed by the highest court of that state in the following language of Mr. Justice ANGELLOTTI:

"It is furthermore settled beyond dispute and expressly conceded by counsel for plaintiff that the paramount consideration where the question of the custody, etc., of a child of the marriage is presented, is the welfare of the child."

We affirm the judgment of the lower court.

AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.