Argued October 29, affirmed November 17, 1965

# PARKER *v.* PARKER

407 P. 2d 855

*Francis F. Yunker,* Portland, argued the cause and filed a brief for appellant.

*Herbert B. Galton,* Portland, argued the cause for respondent. With him on the brief were Goldstein, Galton & Popick, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin and Holman, Justices.

### HOLMAN, J.

Plaintiff filed suit for a divorce. Defendant filed a cross-complaint also requesting a divorce. At the time of trial plaintiff introduced evidence to substantiate her complaint and defendant declined to introduce evidence in aid of his cross-complaint. The parties through their attorneys orally agreed on a property settlement agreement. The trial judge announced from the bench that plaintiff would be awarded a decree of divorce and made distribution of the property. Prior to signing and entry of the decree by the judge, plaintiff represented to him that she had misunderstood the proceedings and she did not want a divorce. As a result, the judge declined to enter any decree and signed an order reciting the plaintiff's representation to him and remanding the case back to the Department of Domestic Relations for a trial on its merits. Defendant then filed a supplemental cross-complaint asking that a decree be entered in conformance with the one orally announced from the bench. Plaintiff filed an amended complaint asking a separation from bed and board only. The case was reassigned and tried on its merits. Defendant was awarded a decree of divorce and plaintiff received a more generous division of the property than the first judge had orally awarded her. Plaintiff is still unhappy and appeals.

Plaintiff contends the second proceeding was a nullity. She says that when she informed the court

she did not wish a divorce she was in effect dismissing her case by nonsuit pursuant to the second clause of ORS 18.230 (1), which provides that plaintiff may have a nonsuit subject to the discretion of the court after the issues have been joined and the trial of the facts has commenced. Plaintiff's position is untenable because it is inconsistent with her subsequent filing of an amended complaint. Furthermore, it is obvious that the court's order remanding the case back to the Department of Domestic Relations for trial was intended to have the opposite result of an order of nonsuit.

■ Plaintiff says that the judge's order of remand can have no other effect than as an order of dismissal because the trial of an equity case can result only in a decree or a dismissal. She argues that the court's order must be considered one or the other. Plaintiff cites no authority for this position other than that there is no statutory authority for a new trial in an equity case. The judge declined to enter any decree because plaintiff represented to him she did not understand the nature of the proceedings. If this representation was true the court has inherent power to remand the case for retrial, so that, with full understanding, she might have an opportunity to seek the relief she said she desired. In fact, without voicing any objection she took advantage of the opportunity by filing an amended complaint and going to trial upon it and her husband's cross-complaint. She cannot "have her cake and eat it too" by objecting that the results of the second proceedings were also objectionable. She waived any possible objection to the method of procedure.

■ The oral decision of the judge at the end of testi-

mony in the first proceeding was a nullity as no decree was ever signed or entered. See the statement of Mr. Justice LUSK in *Barone v. Barone,* 207 Or 26, 29, 294 P2d 609 (1956) that "a statement from the bench does not constitute a judgment until reduced to an order, decree or judgment." Also, see *Rowe v. Rowe,* 76 Or 491, 496, 149 P 533 (1915).

The decree of the trial court is affirmed.