NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000448**
**08-AUG-2025**
**08:06 AM**
**Dkt. 38 SO**

NO. CAAP-23-0000448

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAROL ANN KRUIZE, Plaintiff-Appellee, v.
MUNCKO DERK KRUIZE, II, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1DV211006258)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Muncko Derk Kruize, II, (**Muncko**) appeals from the June 29, 2023 Divorce Decree entered by the Family Court of the First Circuit (**Family Court**).[1] Muncko challenges the Family Court's September 12, 2022 Order Granting Ex Parte Motion to Reinstate Complaint for Divorce and Declaration (**Order Reinstating Complaint**)[2] and November 30, 2022 Order Denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**Order Denying Motion to Dismiss**).[3]

Muncko raises three points of error on appeal, contending that the Family Court erred: (1) in finding good

---

[1] The Honorable Robert J. Brown presided over the Divorce Decree.

[2] The Honorable Elizabeth Paek-Harris presided over the Order Reinstating Complaint.

[3] The Honorable Paul T. Murakami presided over the Order Denying Motion to Dismiss.

cause to reinstate the Complaint for Divorce (**Complaint**); (2) when it determined that Plaintiff-Appellee Carol Ann Kruize (**Carol**) was domiciled in Hawaiʻi when she filed her Ex Parte Motion to Reinstate [the Complaint]; and (3) when it determined that the court continued to have subject matter jurisdiction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Muncko's points of error as follows:

(1)  Muncko argues that the Family Court lacked subject matter jurisdiction to adjudicate the parties' divorce after the Complaint was dismissed without prejudice pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 41(e)(2) and then reinstated by an order entered less than thirty days later because, at that time, allegedly, neither party was domiciled in Hawaiʻi.

Hawaii Revised Statutes § 580-1(a)(2018) states in relevant part:

> **§ 580-1 Jurisdiction; hearing.**  (a) Exclusive original jurisdiction in matters of annulment, divorce, and separation, subject to section 603-37 as to change of venue, and subject also to appeal according to law, is conferred upon the family court of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application therefor[.]

The statute is clear that for the purposes of jurisdiction, one must have been domiciled (or physically present) in the State at the time the application for divorce – i.e., the complaint – is filed.  Thus, the parties' domicile is tested for the purpose of subject matter jurisdiction at the beginning of the suit for divorce, and should the plaintiff satisfy the requirements of the statute, the court has subject

matter jurisdiction over the proceedings.  That jurisdiction is not later extinguished just because a party moved out of state.  See, e.g., CH v. JH, No. CAAP-19-0000051, 2019 WL 7167085, *5 (Haw. App. Dec. 23, 2019) ("When this durational requirement is met, section 580-1 does not by its terms impose any additional requirement that either party remain in Hawaiʻi while the action is pending or until entry of the divorce decree.").

It is undisputed that Carol was domiciled in Hawaiʻi and that the Family Court had jurisdiction at the time the Complaint was filed.  Muncko argues, without citation to any authority, that the Family Court "lost jurisdiction" when the Complaint was dismissed without prejudice pursuant to HFCR Rule 41(e)(2).  This rule provides, in relevant part:

> **Rule 41. DISMISSAL OF ACTIONS.**
>
> . . . .
>
> **(e) Dismissal for want of service or prosecution.**
>
> . . . .
>
> (2) In any case in which a final decree, judgment, or order has not been made and filed prior to the expiration of 1 year from the date of the filing of the complaint or post-judgment motion in said action, the same may be dismissed unless a trial date has been set or an order has been filed enlarging the time following a showing of good cause.  <u>Such a dismissal may be set aside and the action or motion reinstated by order of court for good cause shown on *ex parte* motion duly filed in said action within 30 days of service of the order of dismissal</u> on JEFS Users through JEFS or within 30 says of mailing of the order of dismissal to the last known address of parties who are not represented by an attorney and who are not JEFS Users.

(Emphasis added).

Here, the Family Court entered the order of dismissal on August 30, 2022.  On September 7, 2022, Carol filed her *ex parte* motion to reinstate the Complaint.  On September 12, 2022, the Family Court granted the *ex parte* motion and the Complaint was reinstated.  Accordingly, although the Complaint was

"dismissed," as contemplated by and in compliance with the rule, the dismissal was set aside and the action on the Complaint remained pending. Cf. In re Burns, 49 Haw. 20, 26, 407 P.2d 855, 889 (1965) (holding that vacating a divorce decree reinstates the original pleadings without loss of the original jurisdiction of the court). We conclude that the Family Court did not lack subject matter jurisdiction to adjudicate the parties' divorce, notwithstanding the HRCP Rule 41(e)(2) dismissal and reinstatement.

(2) In light of our above conclusion, we need not reach the issue of Carol's domicile at the time of the dismissal and reinstatement of the Complaint. We nevertheless note that, based on the evidence in the record before it, the Family Court did not clearly err in its findings and conclusion that Carol was still domiciled in Hawaiʻi at the time of the dismissal and reinstatement of the Complaint. See In re Estate of Marcos, 88 Hawaiʻi 148, 154-55, 963 P.2d 1124, 1130-31 (1998) (holding that Ferdinand Marcos was not domiciled in Hawaiʻi at the time of his death because, *inter alia*, it was not established that Marcos intended to live in Hawaiʻi permanently with the intent to abandon his domicile in the Philippines).

(3) Muncko argues that the Family Court erred in concluding that Carol established good cause to reinstate the Complaint. More specifically, Muncko argues Carol deliberately delayed the proceedings by "fail[ing] to take the necessary steps to guide the matter toward a decree and/or order," and that reinstating the case is prejudicial to him because he no longer lives in Hawaiʻi.

4

> "Good cause" should exist to set aside an entry of
> default if: (1) the defendant did not deliberately fail to
> plead or otherwise defend or engage in contumacious conduct;
> or (b)[sic] if the defendant did deliberately fail to plead
> or otherwise defend or engage in contumacious conduct, there
> is no actual prejudice to the plaintiff that cannot be
> addressed through lesser sanctions.

Chen v. Mah, 146 Hawaiʻi 157, 180, 457 P.3d 796, 819 (2020)
(footnotes omitted).

Carol argued in the motion to reinstate that no further steps had been taken in the case because the parties had been engaged in settlement negotiations, and that if they failed to come to an agreement, she intended to file a motion to set a trial date. Muncko acknowledged that the parties had been engaged in settlement discussions. The Family Court concluded that Carol did not deliberately delay the divorce case or engage in contumacious conduct, that there was no evidence of actual prejudice to Muncko, and thus that there was good cause to set aside the dismissal and reinstate the case.

Although it appears that Muncko had left the State after the Complaint was filed, he presented no specific evidence or argument as to how the delay, while the parties tried to negotiate the terms of their divorce – and thereby avoid the expense and uncertainty of trial – prejudiced him.[4] Muncko points to no allegedly contumacious conduct on Carol's part, other than the delay in prosecuting the case. We conclude that the Family Court did not clearly err or abuse its discretion in determining that there was good cause to reinstate the case.

---

[4] Indeed, although Muncko continued to maintain his jurisdictional objection, the parties ultimately entered into an uncontested divorce agreement – which Muncko confirmed he had read and agreed to of his own free will – and the Family Court accepted and approved the agreement, entering the Divorce Decree based on the parties' agreement. On appeal, Muncko does not challenge any aspect of the Divorce Decree itself.

For these reasons, the Family Court's June 29, 2023 Divorce Decree is affirmed.

DATED:  Honolulu, Hawaiʻi, August 8, 2025.

On the briefs:

Michael Sweetman,
Nina Tholl,
(Law Offices of Einwechter &
Hyatt),
for Defendant-Appellant.

A. Debbie Jew
(Ogawa, Lau, Nakamura & Jew),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

6