# BEALL *v.* BIBB.

---

INFANTS, CUSTODY OF.

1. The award of the custody of infants is within the sound discretion of the trial court, especially where all parties interested, including the infants, have been examined in the presence of the court; and the exercise of this discretion will not be disturbed on appeal, except in case of its manifest abuse; *following* Wells v. Wells, 11 App. D. C. 392.

2. The paramount consideration in awarding the custody of infants is their permanent advantage and welfare; *following* Slack v. Perrine, 9 App. D. C. 128.

3. Where the father is dead and it appears that the mother is a proper person, able and willing to properly provide for her children, the law recognizes her priority of right to their custody; and the fact that she has remarried is immaterial, where her husband expresses a willingness to join her in caring for them.

4. The express preference of female children of the age of eleven years is not controlling upon the court in disposing of their custody.

No. 1146. Submitted February 7, 1902. Decided February 18, 1902.

HEARING on an appeal by the respondents from an order of the Supreme Court of the District of Columbia in a *habeas corpus* proceeding, awarding the custody of two female children to their mother, the petitioner.     *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. D. W. Baker* and *Mr. Wilton J. Lambert* for the appellants.

*Mr. H. B. Moulton* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a final order in a proceeding by *habeas corpus* to determine the right to the custody of two female children — twins of the age of eleven years.

The appellee, petitioner below, is the mother of the said children. Their father is dead and appellee has married a second time. One of the appellants, Mrs. Rachael Ann Beall, is the grandmother, and the other, Mrs. Jessie H. Oelrich, is the aunt of the children. The former is the mother, the latter the sister of the appellee.

The parties themselves were the leading witnesses on the hearing, and the children were likewise examined on behalf of the respondents in whose custody they were and had been continuously, at least, since the summer of 1898.

Based on this testimony the court overruled the motion to discharge the writ and awarded the custody of the children to the mother.

The reasons for this order are thus, in part, set out in the bill of exceptions: " The testimony showed that the petitioner, the mother, is so situated as to be able to afford her children a comfortable home and support; that by her

appearance, her testimony and her manner óf testifying she commended herself to the court as a proper person to have the care and custody of her children; that it appears that Rachael Ann Beall, the grandmother, one of the respondents, has not the pecuniary ability and because of age and growing infirmity has not the physical ability to give them adequate support and proper care and supervision; that the other respondent, Jessie Oelrich, has not sufficient pecuniary ability to properly support them."

The conclusion of the trial court in a case involving the custody of infant children, especially where not only the witnesses but also the parties, including the children themselves, were under examination in the presence of the court, is entitled to the greatest respect, and ought not to be disturbed save in a case where there has been a manifest abuse of discretion. *Wells* v. *Wells,* 11 App. D. C. 392, 395.

The record presents the pitiable spectacle of a divided family, and the substantial testimony on which the case turns came from the mouths of its members. The appellants, mother and sister of the appellee, were the important witnesses on their side; on the other were the appellee and another sister. No useful purpose would be served by a review of this testimony, and we think it sufficient to say that there is nothing in it that would justify us in reversing the judgment.

Whilst suits of this kind are waged by parties contending for the custody of children as a right, it must be remembered that the paramount consideration in awarding that custody to óne or the other is the permanent advantage and welfare of the children involved in the controversy. *Slack* v. *Perrine,* 9 App. D. C. 128, 160; *Wells* v. *Wells,* 11 App. D. C. 392, 395.

Where it appears that the father is dead and that the mother is a proper person, able and willing to provide properly for the wants of her children, nature dictates, and the law recognizes, the priority of her right to their custody and control. *Moor* v. *Christian,* 56 Miss. 408, 410; *Chapsky* v.

*Wood,* 26 Kan. 650; *Verser* v. *Ford,* 37· Ark. 27; *Clark* v. *Bayer,* 32 Ohio St. 299.

The conclusion of the court in regard to the appellee's ability and fitness is supported by the testimony; and the fact that she has married again — a condition to which some of the authorities attach importance as affecting her right — we regard as immaterial in view of the willingness of her husband to join her in caring for the children.

It may be conceded, as contended on behalf of the appellants, that this preferential claim of the parent may sometimes be lost by contract, or forfeited by abandonment as well as misconduct. Such actual transfer of custody to a particular person, or deliberate abandonment, would, under ordinary conditions, afford very strong evidence of the want of natural affection and the lack of fitness for the charge. And if the succeeding custodians are fit and capable persons under whose care the welfare of the children is reasonably secure, and the relations between them have become such that to sever them would be necessarily cruel or painful, the revived claims of parents may well be denied. *Bonnett* v. *Bonnett,* 61 Iowa, 199, 202; *Clark* v. *Bayer,* 32 Ohio St. 299; *Chapsky* v. *Wood,* 26 Kan. 650.

There is no pretense, however, of an express contract in this case for the transfer of the custody of the infant children; and, in our opinion, the proof does not establish a deliberate abandonment of the custody by the mother sufficient to bring her within the principle above stated.

It has been further contended that the·court should have been controlled by the expressed choice of the children themselves, who were offered and examined for that purpose by the appellants. We cannot concur in this view. The children had not attained the age at which, under ordinary conditions, their selection should be respected.

It is true that courts often of their own motion, or at the suggestion of a party as in this instance, examine, or permit the examination of, young children; and, no doubt, may often be influenced by impressions derived therefrom. But it does not follow that any necessary weight should be

given to an expression of preference by children of tender age for those in whose custody and under whose immediate influence they have exclusively been.

We find no error in the judgment and it will therefore be affirmed with costs.                    *Affirmed.*

[Mr. Justice HAGNER, of the Supreme Court of the District of Columbia, sat with the court in the hearing, and participated in the determination of this case, in the place of Chief Justice ALVEY.— REPORTER.]