IN MATTER of Application of LUELLA HARTMAN, Guardian and Adopted Parent of AERIEL HARTMAN, for Writ of Habeas Corpus, v. GOTHARD E. HENRY, MABEL W. HENRY and E. L. MATHIAS.

In Banc, January 26, 1920.

1. **HABEAS CORPUS: Jurisdiction.** Where a party who is in confinement under judicial process is brought before another court on writ of *habeas corpus*, the primary inquiry is whether the court issuing the process under which the party is detained had jurisdiction of the case and acted within that jurisdiction in issuing the process; and if so, mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded, and the writ denied.

2. ———: ———: **Juvenile Court: Child Previously Committed by Court of Another State.** Where a child sought to be released by writ of *habeas corpus* is held in custody by respondents in obedience to legal process of a juvenile court, and the validity of the Juvenile Court Act is not assailed and no defect in the proceedings in the juvenile court which would render its process void is pointed out, the fact that the juvenile court of another state had on a prior occasion made an order appointing petitioner guardian of the child and awarding the child to petitioner's custody, does not affect the jurisdiction of the Missouri court, for the jurisdiction of the Missouri court is not created or destroyed by anything that occurred in the court of the other state, and the writ must be denied.

3. ———: ———: ———: ———: **Full Faith and Credit: Error.** If the proceeding of the court of another state whereby the custody of the neglected child had been awarded to petitioner were one coming within the full-faith-and-credit clause of the Federal Constitution, it would not oust the Missouri Juvenile Court of jurisdiction to commit the child to respondents, but present merely a question for the Missouri court's determination, and if it erred in its ruling thereon the error could be corrected only by the court which made the error, or by a direct appellate proceedings. *Habeas corpus* cannot be substituted for an appeal or writ of error.

*Habeas Corpus.*

WRIT QUASHED.

*Frans E. Lindquist* for petitioner.

(1) Proceedings in the Juvenile Court and the Probate Court of Wyandotte County, Kansas, are entitled to full faith and credit in this State. Sec. 1, Art. IV, U. S. Constitution; Section 905, U. S. Revised Statutes; Chapter 190, Laws of Kansas, 1905; In re Hollinger v. Eldridge, 90 Kan. 77; Mills v. Duryee, 7, Cranch. 481; Marin v. Angedahl, 247 U. S. 142, 38 Sup. Ct. Rep. 452; Tootle v. Buckingham, 190 Mo. 183; In re Mary Turner, 94 Kan. 115; Bleakley v. Barclay, 75 Kan. 462. (2) It is a well settled rule in Missouri, that where one court has acquired jurisdiction over the *res* in an action *in rem*, another court has no power to interfere. State ex rel. v. Ross, 122 Mo. 435; State ex rel. v. Barnett, 245 Mo. 99; State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Landis, 173 Mo. App. 198.

*Sebree, Conrad & Sebree* for respondents.

(1) The Juvenile Division of the Court of Jackson County, Missouri, is given jurisdiction to determine whether a child is neglected, and provision is made that both the natural and legally appointed guardians be made parties. Laws 1911, pp. 177 to 186. (2) Not only is the Juvenile Court given jurisdiction to try and pass upon the issues of neglect and delinquency, but in the event the decision is unsatisfactory to those at interest, provision is made for an appeal from such adjudication by Section 20 of said act. (3) *Habeas corpus* cannot operate as a writ of error, or as an appeal. Ex Parte McLaughlin, 108 S. W. 626; Ex Parte Campbell, 197 S. W. 1058.

WILLIAMS, J.—This is an original proceeding under the Habeas Corpus Act, whereby petitioner seeks to obtain the custody of a female child named Aeriel Hartman. The child was about six years of age at the time this proceeding was instituted.

The petitioner, Luella Hartman, is a resident of Wyandotte County, Kansas, and is the grandmother

of the child. The mother of the child is dead. The respondent E. L. Mathias is the probation officer of the Juvenile Court of Jackson County, Missouri. Respondents Gothard E. and Mabel W. Henry are husband and wife, residing in Jackson County, Missouri, and now have the custody of the child by virtue of a judgment of the Juvenile Court of Jackson County, Missouri.

In the year of 1916 proceedings were had in the Juvenile Court of Wyandotte County, Kansas, and said court found that said child was a dependent and neglected child, that its mother was dead and that the child's father, Dr. Milo E. Hartman, was not a proper person to rear the child. The court thereupon appointed the grandmother, the petitioner herein, the guardian of said child and placed the custody of said child with said grandmother. Later, and on October 25, 1918, said grandmother (petitioner herein) adopted said child by and with the written consent of the child's father.

On June 9, 1917, respondent E. L. Mathias, then the probation officer of the Juvenile Court of Jackson County, Missouri, found said child in a neglected condition on the streets of Kansas City, Missouri, and said E. L. Mathias made the proper complaint to the Juvenile Division of the Circuit Court of Jackson County, Missouri.

On the 25th and 26th of February, 1919, a trial of the cause was had in the Juvenile Division of the Circuit Court of Jackson County, Missouri, then presided over by the Hon. Allen C. Southern. At that hearing both Milo E. Hartman, the father of the child, and Luella Hartman, the Kansas guardian and grandmother of the child (petitioner herein), appeared in person and were represented at the trial by counsel. Upon a full hearing said court entered a judgment in the matter, which is in part as follows:

"The evidence herein being concluded and the court being fully advised in the premises finds the allegations in the complaint or petition, filed on June 9, 1917, true; and that Aeriel Hartman was at the time a neglected child in Kansas City, Jackson County,

Missouri, under the statutes of the State of Missouri, providing for neglected children, and that her father, Doctor Milo E. Hartman, was not then, nor has not been since, and is not now a proper person to have custody of said child, Aeriel Hartman, and that the grandmother, Luella Hartman, was not then, and has not been since, and is not now, a proper person to have custody of the child, Aeriel Hartman.

The child, Aeriel Hartman, is made a ward of the Juvenile Court of Jackson County, Missouri. And the court finds that Gothard E. Henry and Mabel W. Henry, his wife, are fit and proper persons to have custody of said child for the present time; and the child, Aeriel Hartman, is remanded to them for such custody until the further order of the Juvenile Court of Jackson County, Missouri.''

Thereupon and on the 10th day of April, 1919, petitioner filed the application here for the writ of *habeas corpus*. The writ was duly issued by this court on the 26th of April, 1919, and thereafter respondents filed their return herein.

Divers motions have been made by the respective parties, but the cause was finally submitted upon oral argument and the motion of petitioner for judgment on the pleadings. Upon the issues thus formed the case will be determined. Any further facts necessary to an understanding of the questions involved will be stated in the course of the opinion.

From the foregoing facts it appears that the child sought to be released by our writ, is held in custody by the respondents in obedience to legal process from the
**Jurisdiction.**    Juvenile Court of Jackson County, Missouri, operating under and by virtue of the Juvenile Court Act of 1911. [Laws of Mo. 1911, p. 177 et seq.]

The general rule, here applicable, has been stated by eminent authority as follows:

''Where a party who is in confinement under judicial process is brought up on *habeas corpus*, the court

or judge before whom he is returned will inquire: 1. Whether the court or officer issuing the process under which he is detained had jurisdiction of the case and has acted within that jurisdiction in issuing such process. If so, mere irregularities or errors of judgment in the exercise of that jurisdiction must be disregarded on this writ, and must be corrected either by the court issuing the process or on regular appellate proceeding.'' [Cooley's Constitutional Limitations (4 Ed.), p. 430.] To the same general effect are Sections 2472 and 2474, Revised Statutes 1909; also the following authorities: State ex rel. v. Dobson, 135 Mo. l. c. 12; Church on Habeas Corpus (2 Ed.), par. 236; 1 Bailey on Habeas Corpus, par. 30; 12 R. C. L. 1240.

Petitioner does not attack the validity of the Juvenile Court Act of 1911, nor does she point out any defect in the proceedings which would render the process of the Junevile Court void, but as we understand petitioner's position it is that since it is claimed that the Juvenile Court of Wyandotte County, Kansas, had, on a prior occasion, made an order appointing petitioner guardian of said child and awarding petitioner the custody of said child, therefore the Juvenile Court of Jackson County, Missouri, when it afterwards found the child neglected upon the streets of Kansas City, Missouri, had *no jurisdiction* to determine what was best for the welfare of the child and award the custody of the child accordingly, but should have surrendered the child into the custody of petitioner, the alleged guardian and custodian by appointment of the Kansas court.

We are unable to agree with this contention. The alleged action of the Kansas court did not present a, *jurisdictional* question. The jurisdiction of the Missouri court was certainly not created or destroyed by anything that occurred in the Kansas court. Even if it be conceded *arguendo,* as it is earnestly insisted by petitioner, that the proceeding in the Kansas court is one coming within the provisions of the full-faith-and-credit clause (Sec. 1, Art. IV) of the Federal Constitution, it would not oust the Missouri court of jurisdiction, but

would merely present a question for the Missouri court's determination, and if the Missouri court erred in its ruling thereon the error (applying the rule announced by the authorities above stated) could be corrected only by the court which made the error, or by a direct appellate proceeding. It is well settled that "the writ of *habeas corpus* cannot be substituted to perform the office of an appeal or writ of error." [Ex parte Buckley, 215 Mo. 93, l. c. 100.]

All these questions then concerning the faith and credit to be given the Kansas proceedings, as well as questions of comity and questions as to the *status* of the child and its welfare, were questions upon which the Juvenile Court of Jackson County, Missouri, had jurisdiction to pass, and its action thereon, if merely erroneous, should be corrected by an appeal, as the Act provides (Laws 1911, p. 185, sec. 20), and not by this, a collateral proceeding, by writ of *habeas corpus.*

It therefore follows that the writ should be quashed and the child should be remanded to the custody of respondents, Gothard E. and Mabel W. Henry.

It is so ordered. All concur.