## HEAVRIN v. SPICER.

(Court of Appeals of District of Columbia. Submitted April 5, 1920. Decided May 3, 1920.)

### No. 3350.

1. **Divorce ⟸302—Decree awarding custody of child not conclusive as to rights based on subsequent changes.**

A decree in a suit for divorce, awarding the custody of a minor child, is not conclusive as to the right of custody, either in same or another jurisdiction, if the circumstances surrounding the child and the other parties have changed.

2. **Habeas corpus ⟸79—Return held to show change of situation since decree awarded custody of child.**

A return on writ of habeas corpus, issued on petition of one to whom the custody of minor child had been awarded in divorce proceedings, stating that because of the age of petitioner the child was not properly controlled, and that there were not sufficient school opportunities where petitioner lived, *held* to show that conditions had changed since the decree awarding custody was rendered, though there was no specific allegation to that effect.

3. **Judgment ⟸815—Question not concluded in same state is not concluded under full faith clause.**

A decree which is not conclusive against the re-examination of a cause after change of circumstances in the state in which the decree was rendered is not conclusive, under the full faith and credit clause of the federal Constitution, against a re-examination of the same question in a foreign jurisdiction.

4. **Divorce ⟸302—Right to custody of child relitigated only after substantial change in the parties.**

To justify a relitigation of the right to the custody of a child after a divorce decree determining the custody, the new circumstances relied on must have come into existence since the decree, and be of a substantial, not shadowy, character, and nothing that was or might have been considered in reaching the former decision can be regarded as new.

---

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceedings by Anna Eluda Heavrin against Anna F. Spicer, to regain possession of a child. From a judgment awarding custody of child to petitioner, respondent appeals. Reversed, with directions to grant a new trial.

Dan Thew Wright, of Washington, D. C. (Philip Ershler, of Washington, D. C., on the brief), for appellant.

Spencer Gordon, J. Harry Covington, Edward B. Burling, and Oscar W. Underwood, Jr., all of Washington, D. C., for appellee.

SMYTH, Chief Justice. The appellee, as petitioner in the court below, sued out a writ of habeas corpus for the purpose of regaining the possession of a child under 14 years of age, Mildred Gould Travers. The writ was issued and served upon the respondent, appellant here, who made a return and answer and an amended return and answer thereto. Both were demurred to by the petitioner. The court sustained the demurrer, and, the respondent having elected to stand upon her returns, the court awarded the custody of the child to the petitioner.

The respondent was married to Victor C. Travers in Dorchester county, Md., some 17 years before the institution of this proceeding. After about 14 years of married life, in September, 1916, Travers secured a divorce a vinculo matrimonii from her in the circuit court of that county. The decree gave the custody of their only child, the aforementioned Mildred, to the petitioner, who is the mother of the respondent. From that time until July, 1919, the child remained with her grandmother in Dorchester county; the father making provision for her support and education. In the last-named month, the respondent, having in the meantime married one Roy R. Heavrin, and being then a resident of Washington, with the consent of the grandmother brought Mildred here, upon the promise, as alleged, "that she would keep the child with her for a short time, not over three weeks, and then return her" to the petitioner. She denies the promise in the exact language in which it is stated, but does not deny that she made such promise in substance. She refused to keep the asserted promise, and this action followed.

[1] Petitioner relies upon the Maryland decree for her right to regain possession of the child, and urges that the courts of this District are bound by it under the full faith and credit clause of the Constitution (article 4, § 1). The respondent answers by saying that while that decree is binding as to all matters adjudged, or which might have been adjudged, by it, it does not bar the courts of this District from investigating things which have transpired since affecting the welfare of the child, and from changing, if necessary, because of those things, the child's custody.

We think this position is supported by the great weight of authority. The judgment of a court touching the custody of a minor child in a divorce suit is "ordinarily not res judicata, either in the same court or that of a foreign jurisdiction, except as to facts before the court at

the time of the judgment." Mylius v. Cargill, 19 N. M. 278, 283, 142 Pac. 918, 920, L. R. A. 1915B, 154, Ann. Cas. 1916B, 941. The same principle is announced by the Supreme Court of Georgia in Milner v. Gatlin, 139 Ga. 109, 112, 76 S. E. 860, 861, where it is said:

"We are of the opinion that the divorce decree awarding the custody of the child to the father concludes the mother as to the father's right to the possession of the child at the time of its rendition, and that unless the subsequent decree reforming the judgment is valid, or events transpiring since the first decree show the father to be an unfit person to have the custody of his child, he is entitled to the child's possession by virtue of the decree."

In Ex parte Boyd (Tex. Civ. App.) 157 S. W. 254, 255, it was held that—

"An order awarding custody of a child is not considered res adjudicata, except for so long as the material circumstances existing at the time of the order remains unchanged, for it is not the object of the proceeding to award custody to establish a permanent custody. And the rule is that, where a new state of facts between the parties in relation to the child has arisen subsequently to the prior adjudication, the matter should not be adjudged res adjudicata."

The same doctrine is advanced in 9 R. C. L. 294; 2 Bishop on Marriage and Divorce (2d Ed.) 1189. See also a note to In re Alderman, 39 L. R. A. (N. S.) 988. We have found nothing to the contrary, unless it be in Slack v. Perrine, 9 App. D. C. 128, which we shall consider later. On the other hand, there are many cases holding that a foreign decree is not binding at all upon the infants, since, as assumed, they were not parties to the proceeding, and that it is their welfare, not the right of the contesting parties, that is at issue. Ex parte Stewart, 77 Misc. Rep. 524, 137 N. Y. Supp. 202, 205; In re Alderman, supra.

[2] Do the returns of the respondent to the suit show that there has been a substantial change in the conditions surrounding the child in the case at bar since the decree was rendered? That is, in conditions which were, or might have been, considered by the Maryland court at the time of rendering its decree. The respondent avers that the petitioner is aged and unable on that account to give such attention to the welfare and control of the child as otherwise she might do; that the child is now on the threshold of womanhood, and has been permitted to have her own way and choose her own conduct, without control, advice, or restraint; that she has, without the knowledge of the grandmother [petitioner], become associated with persons whose society is against her moral welfare; that there are no schools in the vicinity which could afford the child the education which she at her present age requires and should enjoy; that the respondent and her husband are earning good salaries in the government employ, and are well able to care for her; and that by keeping her in Washington she will be enabled to enjoy the educational facilities which she needs and which this city amply affords. There is no specific allegation that the conditions are different from what they were when the decree was pronounced, but we think that the returns, when fairly

construed, show that they are, and that the respondent should be given an opportunity to offer proof upon the subject.

There is nothing in Slack v. Perrine, supra, relied upon by the petitioner as controlling in this case, which conflicts with what we have said is, in our opinion, the sounder rule. In that case the contest was between the mother, Mrs. Slack, and the Perrines, to whom the custody of the children had been given by the father in his will. For some time before the father's death he and his wife lived apart. When the action for the possession of the children was instituted by the mother, the children were in New Jersey. Pending a disposition of the case, the Perrines removed the children to the District of Columbia. The New Jersey court, having acquired jurisdiction of the parties, proceeded with the case and awarded the custody of the children to the mother. A few days thereafter she instituted habeas corpus proceedings in the Supreme Court of this District to get possession of the children. From a judgment against her she appealed. We reviewed the case, holding that the decree of the New Jersey court was conclusive as to all facts passed upon by it.

There was no claim that anything new affecting the question of custody had transpired between the rendition of the New Jersey decree and the institution of proceedings in this District; consequently, that is a different case from the one before us. But the court, speaking through Mr. Justice Shepard, was careful to say of the New Jersey decree that—

"In so far as the infants themselves are concerned, the right of the mother to their permanent custody and control has not been settled by that decree. Their rights cannot be concluded or prejudiced by it. Their welfare is a matter of paramount consideration at all times, and under all circumstances."

Again:

"If when these children shall have been delivered to her [the mother] in accordance with the opinion of this court, it may be made to appear to the satisfaction of a court having jurisdiction in the premises that she is not a proper person to be intrusted with the care and education of her own children, other provision may be made therefor." 9 App. D. C. 160.

[3] The opinion does not say specifically that this provision would have to be made by a New Jersey court; but, if it could be done by a court of that state without regard to the previous judgment upon the subject, it could be done by the courts of any other state, since the full faith and credit article does not require that greater effect shall be given to a foreign judgment than it would have in the state where it was rendered. Revised Statutes, § 905 (Comp. St. § 1519); Embry v. Palmer, 107 U. S. 3, 9, 2 Sup. Ct. 25, 27 L. Ed. 346; Huntington v. Attrill, 146 U. S. 657, 686, 13 Sup. Ct. 224, 36 L. Ed. 1123.

[4] But nothing which was, or might have been, investigated by the Maryland decree should be regarded as new. To fall within that category the things relied upon must have come into existence since the decree, and they must be of a substantial, not shadowy, character. It would, we think, be very detrimental to the welfare of the child

to have frequent litigation over its custody, and such might be the case if in a proceeding of this character the defeated party may remove the child, if opportunity permits, from this jurisdiction into another, and there renew the contest for its possession, without regard to what had been adjudged by our courts. Slack v. Perrine, supra. If the respondent can establish facts which are materially different from those adjudicated, or which might have been adjudicated, in the Maryland case, which show that the welfare of the child requires that its custody shall be taken from the grandmother and given to her, she will be entitled to a judgment in her favor, but not otherwise.

The judgment must be reversed, at the cost of the appellee, with directions to grant a new trial in accordance with the views expressed in this opinion.

Reversed.