## CHURCH v. CHURCH.

(Court of Appeals of District of Columbia. Submitted December 8, 1920. Decided January 3, 1921.)

No. 3366.

1. **Habeas corpus 25(2)—Not proper remedy to remove child from lawful custody.**

Under Code, § 1150, allowing habeas corpus to any person entitled to the custody of another person who is unlawfully confined or detained by third person, habeas corpus is not the proper remedy, where it was admitted the child was in the lawful custody of defendant under an order of the court.

2. **Divorce 332—Custody of child awarded by state court will be disturbed only for reasons subsequently arising.**

The decree of the state court in divorce proceedings, awarding the custody of a child to the mother, is res judicata as to all matters decided or which might have been decided in that case between the parties, and therefore the husband, in seeking to regain custody of the child, can rely only on grounds which arose since the decision in the divorce case.

3. **Divorce 332—Equity can determine custody of child for its welfare, as against prior decree of state court awarding custody.**

Under Code, § 1123, providing that nothing therein shall limit the power of a court of equity to appoint a guardian of children when their welfare requires it, a court of equity has jurisdiction of a bill by husband to take his minor child from the custody of his wife, to whom the custody had been awarded in divorce proceedings in the state court, on the ground that the change of custody was for the best interests of the child.

Appeal from the Supreme Court of the District of Columbia.

Suit by Herbert A. Church against Minnie B. Church to recover the custody of a child. From a decree dismissing the bill for want of jurisdiction, plaintiff appeals. Reversed and remanded.

See, also, —— App. D. C. ——, 270 Fed. 361.

Alfred D. Smith, of Washington, D. C., for appellant.

R. E. Walker and W. P. Plumley, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is a proceeding in equity, wherein the husband seeks to wrest from his wife the custody of their child.

In 1914 the wife secured from the circuit court for Montgomery county, Md., a divorce a mensa et thoro, alimony, and the custody of the child. Afterward the husband filed a bill in the Supreme Court of this District, asking that the custody of the child be awarded to him, for reasons stated in the bill. A rule to show cause why he should not have possession of the child pendente lite was issued against the wife. She answered, setting up, inter alia, the Maryland decree. At the argument on the answer the presiding judge, sua sponte, questioned the court's jurisdiction, and later held that habeas corpus was the proper remedy for the husband to pursue, as provided by section 1150 of the Code, and dismissed the bill for want of jurisdiction.

[1] It is provided by the section just mentioned that—

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Any person entitled to the custody of another person, unlawfully confined or detained by a third person, as a parent, * * * or husband, entitled to the custody of a minor child, * * * upon application to the court or a justice as aforesaid, and showing just cause therefor, under oath, shall be entitled to a writ of habeas corpus, directed to the person confining or detaining as aforesaid," etc.

The child was not unlawfully confined or detained. It was in the legal custody of the mother by order of a court having jurisdiction over the parties. This is undenied. Habeas corpus was not, therefore, the proper remedy.

[2] The father could not have obtained possession of the child, save on grounds which arose since the decision in the divorce case. As to all matters decided, or which might have been decided, in that case, the judgment therein is res judicata. We recently considered this question quite thoroughly in Heavrin v. Spicer, 49 App. D. C. 337, 265 Fed. 977. For that reason it is not necessary to say more upon it here. We may observe, however, that the right to proceed by writ of habeas corpus was not challenged in that case, nor was it passed upon.

[3] The Code (section 1123), after declaring that the parents shall be the natural guardians of the person of their minor children, and making other provisions for their custody in case of death or incapacity of the parents, or one of them, says that—

"Nothing herein contained shall be held to limit or affect the power of a court of equity to appoint some other person guardian of such children when it shall be made to appear to said court that the welfare of said children requires it."

By this provision the power of equity to guard the welfare of the child is preserved. "The writ of habeas corpus," said the court in In re Poole, 2 McArthur (D. C.) 583, 593, "confers no jurisdiction to provide for the guardianship of infants or for their education and instruction in correct habits of life. The court of chancery in a proper case will interfere to protect them from cruelty or from immoral influences, and may even deprive parents of the care of their own children for this purpose when their estate is involved." And in Slack v. Perrine, 9 App. D. C. 128, 152, we quoted with approval from Richards v. Collins, 45 N. J. Eq. 283, 17 Atl. 831, 14 Am. St. Rep. 726, this language:

"But the Court of Chancery exercises far more extended control in respect to the custody of children in virtue of an inherent jurisdiction over that subject."

A recent text-writer observes:

"One of the most distinctive duties of the Court of Chancery in England was the protection of the interests of infants. It was said by Blackstone that chancery 'is the supreme guardian, and has the superintendent jurisdiction of all the infants in the kingdom.' Consequently an application to chancery was the proper procedure to procure the appointment of a guardian, and the infant for whom a guardian was thus appointed was often called a 'ward in chancery.'"

But he adds that the jurisdiction of chancery in this regard has by statute "become practically obsolete in the United States." 12 R. C.

L. 13. See, also, Fox v. Minor, 32 Cal. 112, 117, 91 Am. Dec. 566; Hobbs v. Harlan, 10 Lea (Tenn.) 268, 278, 43 Am. Rep. 309. Not so, however, in the District of Columbia, for, as we have seen, that power is expressly retained by the Code.

Where it is desired to test the validity of the custody of a child, a writ of habeas corpus is the proper remedy by which to do it. If the validity of the custody is admitted, but it is believed that the welfare of the child demands that it should be changed, resort must be had to equity for the purpose of effecting the change.

It follows, from what we have said, that the judgment must be, and it is, reversed, at the cost of the appellant, and remanded for further proceedings not inconsistent with this opinion.

Reversed.