## BURROWES v. BURROWES.
### No. 6434.

United States Court of Appeals for the District of Columbia.

Argued May 6, 1935.
Decided June 10, 1935.
Rehearing Denied July 1, 1935.

Jean M. Boardman, of Washington, D. C., for appellant.

Neil Burkinshaw, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from an order in the Supreme Court of the District in a habeas corpus proceeding (title 24, § 208, D. C. Code 1929; section 1150, D. C. Code 1924), awarding the custody of a minor child to the father (appellee here) in accordance with a decree of the superior court of Wake county, N. C., entered in a suit for divorce between the same parties and for the custody of the child.

No brief was filed by appellee. The facts deemed material are as follows: The parties have one child, Thomas H. Burrowes, born May 6, 1924. In September, 1932, Mrs. Burrowes, without the knowledge or consent of her husband, took the child from his custody in Raleigh, N. C., where he resided. On October 26, 1933, Mr. Burrowes filed in the superior court of Wake county, N. C., a suit for divorce, wherein no mention was made of the child, whose whereabouts was not known. Mrs. Burrowes, then a resident of the District of Columbia, was not served with process. On November 2, 1933, Mr. Burrowes found the child on a farm in the state of Virginia and immediately took him back to North Carolina. On November 7, 1933, Mr. Burrowes filed an amendment to the complaint in the divorce proceeding, wherein he set forth at length the controversy existing between him and Mrs. Burrowes over the custody of their child, and prayed that "the care, custody, and control of said Thomas Henry Burrowes be awarded to him and that the defendant (Mrs. Burrowes) be declared to have forfeited all right to the care and custody of said Thomas Henry Burrowes." Thereupon, the court entered an order "that the best interests of said child require that this court temporarily, and pending the determination of the issues in this action, place the custody, care, and control of the said Thomas Henry Burrowes in and with the plaintiff, A. D. Burrowes, and enjoin interference on the part of this defendant with said order of this court." Thereafter, Mrs. Burrowes filed an answer to the complaint and the amended complaint, and by cross-bill sought the custody of the child. Mr. Burrowes filed a reply to the answer and an answer to the cross-bill.

On December 20, 1933, the case coming on to be heard "upon the motions of the plaintiff and the defendant for the custody of Thomas Henry Burrowes, * * *" the court passed an order awarding custody of the child to Mr. Burrowes, with directions as to the child's education. The order also provided that the child should be permitted to visit his mother under stated conditions, and that "each of the parties hereto is hereby enjoined and re-

strained from removing the said child from the jurisdiction of this court except in accordance with this order and such orders as may hereafter be made by this court. This matter is retained for further order."

Thereafter, Mrs. Burrowes filed a petition in the divorce action wherein she sought a modification of the order of December 20, 1933, so that she might have the child with her the latter half of the summer of 1934, instead of the first half. To this petition Mr. Burrowes replied.

On June 5, 1934, the court entered an order, in part as follows: "This matter coming on to be heard upon the motion of Louise W. Burrowes, made in person on May 28, 1934, supported by her written motion subsequently filed, and upon the reply to motion filed by the plaintiff herein; * * * it is ordered, adjudged, and decreed: (1) That the care, custody, and control of the said Thomas Henry Burrowes is hereby committed to A. D. Burrowes, plaintiff in this action with whom the said Thomas Henry Burrowes is now residing. * * *" The court further ordered that the child be permitted to visit his mother in the District of Columbia during a portion of the summer, on the condition that she should not commit the child into the care of any person, institution, or agency, and "the court being of the opinion that Louise W. Burrowes is not financially able to give bond for the compliance by her with all orders of this court, it is, therefore, further the order of this court that before any provision of this order shall become effective as to that portion permitting Thomas Henry Burrowes to visit the said Louise W. Burrowes, she shall consent, and by her signature to this order, shall be understood to have consented, that the said Thomas Henry Burrowes is, for the purpose of jurisdiction of this court, domiciled in the State of North Carolina; that he is subject exclusively to the jurisdiction of this court and that he is to be held at all times by her subject to any order which this court may make, and is to be presented to this court at any time this court may direct; * * * and that any violation by her of any of the provisions of this order shall be deemed and considered ample and sufficient grounds for the revocation of any order of this court allowing the said Thomas Henry Burrowes to visit her. * * *"

To this order Mrs. Burrowes filed a written consent, in part, as follows: "I, Louise W. Burrowes, being the person named and referred to in the foregoing order, do hereby consent and agree to the provisions of the same, * * * and for the purpose of said order, do hereby submit myself to the jurisdiction of said court."

In September, 1934, Mr. Burrowes placed the child in the Westtown Friends School at Westtown, Pa. On November 28 following, Mr. Burrowes dismissed the divorce action, and on the same day filed a new one. The reason for this, according to his testimony, was that the answer of Mrs. Burrowes to the original suit "had raised some question with respect to the date of their separation, and he had been advised by his attorney that it would be better for him to drop the old case and to file a new suit in order to eliminate any question about the length of their separation." On December 4, 1934, Mrs. Burrowes took the child from the school in Pennsylvania and brought him into the District of Columbia.

On December 5 following, Mr. Burrowes instituted this habeas corpus proceeding, relying upon the decree of the North Carolina court.

Mrs. Burrowes now relies "entirely upon her contention that there was no valid and subsisting order awarding the custody of the child to the appellee as against her."

In the court below, according to the brief of appellant, "neither by the pleadings nor the testimony was any question raised as to the respective fitness of the parties or with respect to the welfare of the child." There is, therefore, no claim that anything new affecting the question of the custody of the child has transpired between the rendition of the North Carolina decree and the institution of the proceedings in this District. Consequently, if that decree is still in force, the action of the court below was correct. Heavrin v. Spicer, 49 App. D. C. 337, 265 F. 977; Church v. Church, 50 App. D. C. 237, 270 F. 359, 360.

The Church Case was a proceeding in equity wherein the husband sought the custody of the child. The wife had secured in the circuit court of Montgomery county, Md., a decree of divorce and the custody of the child. Afterwards the husband filed a bill in the Supreme Court

of the District asking that the custody of the child be awarded to him. The wife answered, setting up, inter alia, the Maryland decree. On the answer the presiding judge, sua sponte, questioned the court's jurisdiction, and later held that habeas corpus was the proper remedy for the husband to pursue, as provided in section 1150 of the District Code (section 208, tit. 24, D. C. Code, 1929), and dismissed the bill for want of jurisdiction. This court held that the child was not unlawfully confined or detained, but "was in the legal custody of the mother by order of a court having jurisdiction over the parties. This is undenied. Habeas corpus was not, therefore, the proper remedy. The father could not have obtained possession of the child, save on grounds which arose since the decision in the divorce case. As to all matters decided, or which might have been decided, in that case, the judgment therein is res judicata."

In the present case, the North Carolina court had jurisdiction of the parties and the subject-matter. By its decree "the care, custody, and control" of the child was committed "to A. D. Burrowes, plaintiff in this action with whom the said Thomas Henry Burrowes is now residing." This decree was not affected by the discontinuance of the divorce action and the immediate filing of the new bill. Moreover, Mrs. Burrowes by her cross-bill, which, so far as the record discloses, has not been dismissed, sought the custody of the child. The court, therefore, irrespective of the action of Mr. Burrowes in dismissing his original bill, retained jurisdiction of the parties and the subject-matter. Sunflower Oil Company v. Wilson, 142 U. S. 313, 325, 12 S. Ct. 235, 35 L. Ed. 1025.

Judgment affirmed.

Affirmed.