**MATTHEWS v. MATTHEWS et al.**

No. 1954.

District Court of the United States for the District of Columbia.

Jan. 4, 1939.

Isadore Brill, of Washington, D. C., for plaintiff.

Raymond Neudecker, of Washington, D. C., for defendants.

LUHRING, Associate Justice.

This is a habeas corpus proceeding instituted by the petitioner, James T. Matthews, Jr., against the defendants, Edith L. Matthews and John A. Lutz, to determine the right to the custody of Robert Stanley Matthews, the infant son of the petitioner and the defendant, Edith L. Matthews.

It appears that in a habeas corpus proceeding instituted by Mrs. Matthews in the Court of Common Pleas in and for the County of Lackawanna in the Commonwealth of Pennsylvania, the court on the 22nd day of December, 1937, awarded the custody of this child to the petitioner here "excepting during the following periods of time, that is to say during the Christmas holidays from the day after the public schools of Dunmore close in December of each and every year until the day before said school opens in the following January and that she again may have custody of said child from two days after said public school closes in June of each and every year until two days before the said school opens in the following Fall, and with the further condition that during all times when the said child is in the custody of one parent the other parent may visit said child from time to time; such visits, however, are not to interfere in the attendance of said child at school or at religious services and it is further adjudged that when said child is permitted to enter into the custody of the mother that the said father will pay for the minor's railroad transportation from Scranton to Washington, D. C. and return."

The Dunmore school opened for the Fall on September 7th, 1938, and, therefore, by the terms of the order above recited, the defendant, Edith L. Matthews, was entitled to the custody of the child until the 5th day of September, 1938. She refused to surrender and deliver the child to the petitioner, so on the 13th day of September, 1938, he filed his petition for the writ of habeas corpus in this court pursuant to Tit. 24, § 208, D.C.Code.

Since the father was awarded the custody of the child by the Pennsylvania decree, habeas corpus is the proper remedy —Church v. Church, 50 App.D.C. 237, 239, 270 F. 359.

In her answer or return to the writ, Mrs. Matthews alleges that since the order of the Pennsylvania court, "the conditions and circumstances affecting said child materially changed."

### Findings of Fact.

The Matthews were married November 6, 1930 and lived together as husband and wife in the District of Columbia until 1936. In that year they moved to Scranton, Pennsylvania where the petitioner was employed by the Comerford Theatres, Inc. as Chief Statistician at a weekly salary of $50. They lived together there until the early part of 1937, when Mrs. Matthews returned to Washington, D. C., bringing the child with her. On April 23, 1937, the petitioner came to Washington and, finding the child with its maternal grandfather, took it into custody and returned to Scranton.

In the proceedings instituted in the Pennsylvania court by Mrs. Matthews to regain custody of the child, the court made the following finding of fact:

"The relator now resides with her father in Washington and her father, John A. Lutz, has testified that he is willing to provide a home for said minor. That he would provide a respectable home for the child is unquestioned, but it is just as clear that the respondent father is equally able to provide a suitable home for his child, and in an environment that is more conducive to the proper development of said child, and we consider the rights of the father in the instant case to be superior to that of the grandfather. While it is true that the mother is intelligent and respectable, so is the father, and we find from the evidence that the father is better able financially to care for said child. He resides in said apartment with his sister and her husband thus providing a competent person to take care of said minor child while the father is attending to his business. The mother has been employed from time to time in various positions in Washington, D. C. At the time of the hearing she was out of employment and testified that she had assurance of future employment.

"We may be old-fashioned but we still maintain in the absence of abuse or unjust treatment, the wife should make her home with her husband and child. We feel that the future of any child is best assured in a home with both parents when harmony prevails."

The Court further finds that since the order of the Pennsylvania court, the petitioner moved from the apartment which he and the child had been occupying with his sister and her husband to another apartment where he lives alone with the child. This child is seven years old, and during the day while the petitioner is engaged with his employment, there is no one to supervise or look after the child or its associates, and otherwise provide for proper care and home training.

The Court further finds that both the paternal and maternal grandparents of the child reside in Washington D. C., and that Mrs. Matthews lives with her parents in a good residential district of the city. Further that Mrs. Matthews is a fit and proper person to have the care and custody of said child.

It is to the best interest and welfare of this child that he be placed in the custody of the defendant, Edith L. Matthews.

### Conclusions of Law.

1. In view of the substantial change in the conditions surrounding the child since the order of the Pennsylvania court that order is not res adjudicata. Heavrin v. Spicer, 49 App.D.C. 337, 265 F. 977.

2. The paramount consideration in awarding the custody of infants is their permanent advantage and welfare. Beall v. Bibb, 19 App.D.C. 311; Heavrin v. Spicer, supra; Commonwealth ex rel. v. Daven, et al., 298 Pa. 416, 148 A. 524.

3. The defendant, Edith L. Matthews, is entitled to the custody of the said child, Robert Stanley Matthews.

It is ordered that the writ be discharged and that said child be committed to the custody of its mother, the defendant, Edith L. Matthews.