## BOONE v. BOONE.

### No. 8251.

United States Court of Appeals for the District of Columbia.

Argued Nov. 5, 1942.

Decided Nov. 30, 1942.

Mr. Godfrey L. Munter, of Washington, D. C., with whom Messrs. Stanley Phillips Smith, George W. Neville, and J. Austin Latimer, all of Washington, D. C., were on the brief, for appellant.

Mr. M. Ryan McCown, of Tryon, N. C., pro hac vice, by special leave of Court,

with whom Mr. Robert H. McNeill, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from an order granting a writ of habeas corpus which directs appellant husband to deliver to appellee, his wife, the two young children of their marriage.

The matrimonial domicile was in North Carolina. In 1940, after the parties separated, appellant came to Washington on military service and brought the children with him. In 1941 he filed suit for divorce, in North Carolina, on the ground of two years' separation. He then swore that both parties were residents of North Carolina. The North Carolina court, without adjudicating the question of divorce, entered an order awarding custody of the children to the wife. The husband continued, in violation of that order, to keep the children in the District of Columbia. The wife thereupon filed in the District this petition for habeas corpus. In his answer the husband alleges that he is a resident of the District, and contends that the order of the North Carolina court is void because of the fact that, throughout its proceedings, the children were in the District of Columbia.

The District Court held that it was bound, with respect to conditions at the date of the North Carolina order, by the findings of the North Carolina court. It heard testimony as to later events. It found, on sufficient evidence, that there had been no substantial change in the fitness of the parents for custody; that each was properly qualified; and that the children would be as well cared for by their mother as by their father. In this state of facts, it held as matter of law that appellee was entitled to custody in accordance with the North Carolina order.

Though appellant now claims residence in the District, he does not contend that he committed perjury when he assured the North Carolina court that his residence was in North Carolina. That court had unquestioned jurisdiction of his divorce suit. That court has jurisdiction, pending a divorce suit, to settle the custody of children.[1] There is no basis in law or fact for appellant's contention that his children, then three and six years old, had acquired a separate domicile in the District of Columbia while both their parents remained domiciled in North Carolina. And though the children were absent from their state they were under the control of appellant, who was the plaintiff in the divorce suit. Their absence did not deprive the court of their state of its jurisdiction to determine the right to their custody as between their parents, who were not only domiciled there but actually before the court.[2] Children are not necessary parties, and need not always be represented by a guardian ad litem, in suits regarding their custody or even their adoption.[3] A fortiori their physical presence, however desirable, may be dispensed with in custody proceedings in the courts of their domicile.

Since the children are now in the District of Columbia, its courts may regulate their custody.[4] But the ultimate question for the District Court is whether the welfare of the children now requires a change in the custody previously provided by the court of their domicile. Obviously, that question was not before the North Carolina court. Therefore, the principle of res judicata cannot be applied to it. But the North Carolina court did determine what the children's welfare required at the time when that court acted. That determination has an evidential bearing on the ultimate question before the District Court; and the effect of res judicata may well be given to that determination.[5] This court has recently said that "* * * when the matter of custody has been ad-

[1] Tyner v. Tyner, 206 N.C. 776, 175 S.E. 144, 145; Story v. Story, 221 N.C. 114, 19 S.E.2d 136; State v. Duncan, 222 N.C. 11, 21 S.E.2d 822, 824.

[2] Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 425. Cf. Burrowes v. Burrowes, 64 App.D.C. 392, 78 F.2d 742; Sanders v. Allen, 69 App.D.C. 307, 100 F.2d 717; Cooley, J., in Matter of Jackson, 15 Mich. 417, 440.

[3] Cf. In re Adoption of a Minor, 74 App. D.C. 50, 120 F.2d 720.

[4] Seeley v. Seeley, 30 App.D.C. 191, 12 Ann.Cas. 1058, certiorari denied 209 U.S. 544, 28 S.Ct. 570, 52 L.Ed. 919; Rosenberger v. Rosenberger, 68 App.D.C. 220, 95 F.2d 349.

[5] Cf. Notes, 72 A.L.R. 441, 116 A.L.R. 1290.

judicated by the court of another jurisdiction, it is necessary—in order to warrant the taking of jurisdiction by the courts of the District—that the circumstances which existed at the time of such adjudication should have changed." [6] We take this to mean—in order to warrant the courts of the District in changing the custody previously adjudicated, the circumstances which existed at the time of such adjudication should have changed. We think, therefore, that the District Court was right in holding itself bound, with respect to conditions at the date of the North Carolina court's order, by that court's findings. This is simply to say that we should not needlessly thresh over old straw, but should apply the doctrine of res judicata as far as the nature of the case permits. Having found appellee's conduct since the date of the North Carolina order to be exemplary, the District Court declined to go into old charges which appellant had brought against appellee in the North Carolina court and which that court had determined to be untrue. We think this was correct and salutary.

Affirmed.

[6] Rosenberger v. Rosenberger, 68 App. D.C. 220, 222, 95 F.2d 349.