## DAWN v. DAWN.

### No. 11105.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1951.

Decided Feb. 28, 1952.

Hallock P. Long, Washington, D. C., for appellant.

Henry J. Siegman, Washington, D. C., with whom John J. O'Brien, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

A judgment of the United States District Court for the District of Columbia granting an absolute divorce to a husband also awarded him permanent custody of a minor child, but allowed the wife to see the child at reasonable times. This appeal questions the validity of a subsequent order which permitted the wife to have custody of the child during two week ends each month.

The wife, Verna J. Dawn, had sued for a limited divorce on the ground of cruelty and the husband, James E. Dawn, Jr., had filed a separate suit for an absolute divorce charging desertion. Each sought custody of the child. During the pendency of the two actions, interlocutory orders giving custody to the father were entered by at least three different district judges.

The record of the final hearing contains evidence that the wife had been guilty of immoral conduct; that on one occasion, when she had been allowed to take the child with her for a brief period, she did not return it to the husband until nearly a month later, and then only after she had been held in contempt of court. Her visits to the husband's home to see the child were often stormy. She was once fined in police court for assaulting the child's paternal grandmother.

On October 10, 1950, after the final hearing, the wife's suit was dismissed and the husband was granted an absolute divorce, by a decree which also made this provision: "It is further ordered that the plaintiff, James E. Dawn, Jr., be, and he hereby is, awarded the permanent custody of Janice A. Dawn, the minor child of the parties, reserving unto the defendant, Verna J. Dawn, the right to see the said child at reasonable times."

Some two months later Mrs. Dawn filed a motion that the court (a) grant her partial custody of the child, or (b) permit her to have custody of the child during the holiday season, or (c) make more certain the times when she might visit the child. No action had been taken on that motion when Mrs. Dawn filed another on February 16, 1951, asking that the judgment of October 10, 1950, be amended so as to give her custody of the child.

The action came on for hearing on Mrs. Dawn's motions and testimony was heard, following which, on May 17, 1951, the district judge who heard the motions[1] entered an order styled "Judgment Modifying Provision of Final Judgment Herein Respecting Custody of Child," giving Mrs. Dawn the right not only to see the child at reasonable times, but also to have the child with her on two week ends each month, provided she should not remove her from the metropolitan area of the District of Columbia. This appeal is from that order.

■ It is well established by our decisions that a divorce decree which awards permanent custody of a child to one of the parties is *res judicata* as to the question of custody at that time. Unless a showing is made that circumstances and conditions have so changed that the best interests of the child would be served by amending the custodial order, it cannot be amended.[2]

In recognition of that principle the district judge emphatically stated at the hearing on the motions that, absent proof of changed circumstances, he had no power to change the custody order entered by the first judge; that he would only consider whether the wife's right of visitation had been denied, and whether the first order should be made more certain in that respect.

■ There was no evidence at the hearing on the motions tending to show any change in the circumstances which existed when the first judge gave permanent custody to the husband. The proof presented in support of the motions dealt with the difficulties of visitation, with brief reference to the wife's living quarters and church attendance, which were not shown to be different than before. Nevertheless, the new order of May 17, 1951, gave partial custody to the wife. The second district judge took the view that in so doing he was not changing, but construing, the first custodial order, for he said in his opinion: "* * * I do not believe she should be deprived entirely of the custody of the child. I do not believe that was the intent of [the first] order."

In like manner, the appellee-wife contends here that the new order did nothing more than make definite, certain and com-

1. He was not the judge who had entered the decree of divorce and award of permanent custody to the husband.

2. Slack v. Perrine, 1896, 9 App.D.C. 128; Wedderburn v. Wedderburn, 1917, 46 App.D.C. 149; Heavrin v. Spicer, 1920, 49 App.D.C. 337, 265 F. 977; Church v. Church, 1921, 50 App.D.C. 237, 270 F. 359; Burrowes v. Burrowes, 1935, 64 App.D.C. 392, 78 F.2d 742; Cook v. Cook, 1943, 77 U.S.App.D.C. 388, 135 F.2d 945; Boone v. Boone, 1945, 80 U.S.App.D.C. 152, 150 F.2d 153.

plete the provision of the first order which allowed her to see the child at reasonable times. We cannot agree. Giving custody of the child to the mother during two week ends each month with permission to take her anywhere within the metropolitan area of the District of Columbia is, in our view, inconsistent with the award of permanent custody to the husband, which was subject only to the wife's right to see the child at reasonable times. The right of visitation may be protected by the court when necessary, but it does not include the right to partial custody such as the new order gave.

Reversed and remanded.