**Glover W. WILSON**
**v.**
**Priscilla M. WILSON.**
**Misc. Civ. No. 55-7-M.**

United States District Court,
D. Massachusetts.

Jan. 28, 1955.

Glover W. Wilson, Boston, Mass., for plaintiff.

Priscilla M. Wilson pro se.

McCARTHY, District Judge.

This is a petition for habeas corpus instituted by Glover W. Wilson. The petitioner alleges that in June of 1954 he was granted a final decree of divorce from the defendant in Texas; that temporary custody of three children of the marriage was granted to the defendant pending further order of the court; that in December of 1954 the court vacated the original custody order and entered another, placing the children in the custody of the petitioner and ordering that a hearing be held on the question of permanent custody in Jim Hogg County Court, Texas, on January 27, 1955; that defendant was served with notice and has knowledge that she is not presently entitled to custody of the children, but is detaining them illegally in Wellfleet, Massachusetts.

He prays for issuance of a writ of habeas corpus and a determination of the legality of the detention of the children by his former wife.

■ The question immediately arises as to whether this court has jurisdiction, since "District Courts of the United States are not courts of general jurisdiction but of limited jurisdiction." Schroeder v. Freeland, 8 Cir., 188 F.2d 517, 519.

■ The general rule is clear. In Ex parte Burrus, 136 U.S. 586, 10 S.Ct. 850, 853, 34 L.Ed. 500, 503 it was said that "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the congress of the United States, nor any authority of the United States, has any special jurisdiction. Whether the one or the other is entitled to the possession does not depend upon any act of congress, or any treaty of the United States or its constitution."

It is true that the Burrus case did not decide the question whether diverse citizenship of the parties contesting the right to custody of a child could give jurisdiction to this court. It was not necessary to do so.

■ With respect to the petition in the case at bar, there are no jurisdictional allegations contained therein. More important, however, even if the requisite

diversity of citizenship were set forth, jurisdiction is still not established. " * * * The only matter in controversy is the custody of two (here, three) minor children. The right to such custody cannot be measured in money. There is, therefore, no 'value in controversy' * * * " on which jurisdiction may be predicated. Sumi v. Young, 9 Cir., 83 F.2d 752, 753.

I am aware of the decision of the District Court for the District of Columbia, Matthews v. Matthews, D.C., 80 F.Supp. 560, 561, and similar decisions. Those cases, however, have no application here. Jurisdiction was there conferred by the Code of the District of Columbia, rather than provisions of the United States Code.

It is the considered judgment of the court that the petition must be dismissed and the writ denied.